5   789
16  636

[No. 838.  Decided February 23, 1893.]

WILLIAM H. FIFE et al., Respondents, v. JOHN OLSON et al., Appellants.

APPEAL — STIPULATED FACTS — ABSENCE OF TESTIMONY — UNLAWFUL DETAINER — PLEADING.

Where a cause is tried upon a stipulated statement of facts, with a right to either party to read evidence from a certain transcript in an action in another court, such testimony cannot be considered on appeal, unless settled by statement of facts or bill of exceptions.

The failure of plaintiffs to reply to the defendants allegation of title and color of title is immaterial, when the stipulated facts upon which the cause is tried admit title in the plaintiffs.

*Semble*, That in an action for unlawful detainer, under Code Proc., §§ 571–3, a reply is not necessary to affirmative matter contained in the answer.

*Appeal from Superior Court, Pierce County.*

*Carroll & Carroll*, and *D. C. Hansen*, for appellants.

*Parsons & Corell*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an action for unlawful detainer, brought under §§ 571–3, Code Proc. The case was tried upon a stipulated statement of facts, with a right reserved to either party to read evidence from a certain transcript of testimony in an action in the United States circuit court, begun by Anthony P. Carr against the plaintiffs in this action and others. The cause was tried before the court without a jury, judgment was rendered for the plaintiffs and the defendants appealed. No statement of facts or bill of exceptions was settled. It appears that testimony was read at the trial from the transcript aforesaid, but that testimony is not here. If the case is here to be tried at all, it is only upon the stipulated facts, which are in substance as follows:

"1. That plaintiffs have title, as shown by the abstract annexed to the complaint, and that the abstract shall be accepted as sufficient evidence of their title unless defendants should demand further evidence, and no claim is made that they have. The patent to Sproul under which plaintiffs derive title was issued December 15, 1875.

"2. That twelve years after this patent was issued—April 9, 1887—said Anthony P. Carr commenced an action against these plaintiffs and others to set aside the patent and to recover the lands. That he failed in this action, the court deciding that he had no title to or interest,

legal or equitable, in the lands. The evidence referred to in the stipulation was given upon that trial.

"3. That while Carr's suit was pending these defendants and others entered, without any title or claim of title, but with the expectation that it would ultimately be held government land subject to entry, and that they would be allowed to enter it. That after the case had been decided against Carr, and it had been held that he had no interest in the land, they obtained from him his consent that 'so far as he was concerned' they could stay there until his appeal therein should be determined by the supreme court of the United States. The proceedings in taking the appeal are set out and show that he gave a cost bond only, and no order was made by the court."

The further point is made by the appellants, that in their answer they alleged that Carr, from whom they obtained title, had been in possession of the lands under a claim of title and color of title for more than twenty years preceding the action, and they allege that this was not denied nor replied to by the plaintiffs, and for that reason the judgment should have gone for the defendants. But in the facts as stipulated it appears that the plaintiffs own the land, and that whatever claims Carr had, or had ever made, had been tried and decided against him. Furthermore, the statutes under which this proceeding was brought do not seem to require a reply to any affirmative matter contained in the answer.

Upon the case as made here, the judgment of the superior court must be affirmed.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

STILES, J., did not sit, being disqualified.