[No. 1797. Decided June 20, 1895.]

THOMAS WINSOR, *Respondent*, v. CHARLES McLACHLAN *et ux.*, *Appellants*.

GARNISHMENT — EXEMPTION OF INSURANCE MONEYS — PLEADING — RECORD ON APPEAL.

Money due under an insurance policy for the loss of property by fire is not exempt from garnishment, if it is not made to appear by pleading and proof that the property itself was exempt from execution.

The supreme court will not consider proceedings in the trial court unless they are made a part of the record on appeal.

*Appeal from Superior Court, King County.*

*Lemman & Brady,* for appellants:

On the point that the proceeds of fire insurance upon exempt property is exempt from garnishment, counsel cite *Houghton v. Lee,* 50 Cal. 101; *Cameron v. Fay,* 55 Tex. 58; *Cooney v. Cooney,* 65 Barb. 525, *Rey-*

*nolds v. Haines*, 49 N. W. 851; *Bernheim v. Davitt*, 5 S. W. 193; Thompson, Homestead, §§ 749, 757, 784; 1 Freeman, Executions (2d ed.) § 235.

*Winsor, Bush & Morris*, for respondent:

On the point that the proceeds of insurance upon personal property destroyed by fire is not exempt, unless it is shown that from the character of the property destroyed and its value that the exemption law applied, counsel cite *Butler v. Shiver*, 79 Ga. 172 (4 S. E. 115); *Tillotson v. Wolcott*, 48 N. Y. 190; *Brown v. Peters*, 53 Ark. 182 (13 S. W. 732); *Surratt v. Young*, 55 Ark. 447 (18 S. W. 540); *Wooster v. Page*, 54 N. H. 125 (20 Am. Rep. 128); *Manchester v. Burns*, 45 N. H. 488; *Finlen v. Howard*, 126 Ill. 259 (18 N. E. 560); *Monniea v. German Ins. Co.* 12 Ill. App. 240; *Smith v. Ratcliff*, 6 South. 460 (14 Am. St. Rep. 606).

The opinion of the court was delivered by

GORDON, J.—The respondent, Winsor, having obtained a judgment in the superior court of King county against appellants, Charles and Matilda McLachlan, (husband and wife), thereafter caused a writ of garnishment to be issued against the North British and Mercantile Insurance Company, as garnishee, requiring it to answer as to any indebtedness by it owing to defendants. The answer of the garnishee disclosed an indebtedness due appellant Matilda McLachlan in the sum of $661.17, being the amount of loss occasioned by a fire occurring under a policy of insurance issued by it in favor of said appellant, upon household furniture, family wearing apparel, books, jewelry, pictures, carpenter's tools, etc.; the total amount for which said property was insured was $700, the amount of the loss having been adjusted in said

sum of $661.17. The appellants (judgment debtors) also answered, claiming that the property so insured was exempt from levy and execution under the laws of the state of Washington, and that the money due appellants from said insurance company was also exempt. Thereafter, by stipulation of counsel in the case, said garnishee paid the amount of its liability under said policy into the registry of the court and was discharged. The cause was tried by the court without a jury and findings of fact and conclusions of law made and entered, and judgment rendered in favor of respondent; from which judgment this appeal is prosecuted.

This court, in *Puget Sound Dressed Beef & Packing Co. v. Jeffs*, 11 Wash. 466 (39 Pac. 962), held, that the money paid under an insurance policy on property exempt to a householder is itself exempt, and appellants rely upon that case for a reversal of this judgment.

The statement of facts contains none of the evidence taken below, and we think that the judgment entered in the cause is sustained by the findings. The value of the property so insured is nowhere stated in the answer of appellants to the writ of garnishment; nor is it alleged that the property so insured was all of the property of like kind and character which was owned or in use by them at the time said loss occurred. Hence, it does not appear from their answer that the property insured was exempt, and if it was not exempt, it seems clear that the money arising from the insurance thereon is not exempt.

Upon the argument of the cause before this court various claims were made by appellants' counsel as to certain stipulations and proceedings occurring upon the trial below; but, in the absence of any proper rec-

ord from which they are made to appear, we would be unwarranted in giving such matters any consideration. The statute of this state governing appeals to this court has put it within the power of parties to have every material matter occurring upon the trial below made a part of the record, and it must be understood that the record so made is conclusive in this court as to the proceedings occurring below.

No error appearing, the judgment appealed from is affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.