[No. 2437. Decided March 20, 1897.]

Samuel Oliver, *Appellant*, v. David Dupee *et al.*, *Respondents*.

TIDE LANDS — CONTEST FOR PURCHASE — APPEAL — RECORD — TIDE ISLANDS — PREFERENCE RIGHT OF PURCHASE — CONSTRUCTION OF STATUTE.

Under Laws 1895, p. 562, § 82, providing that where an appeal is taken from the board of state land commissioners to the superior court, the board shall prepare and certify, under the hand of its secretary, a true copy of all the pleadings and papers connected with the contest, such record may properly, on appeal from the decision of the superior court, be sent to the supreme court as the transcript in the cause certified by the clerk of the superior court, and it is not necessary to bring it up by a bill of exceptions or a statement of facts.

The provisions of § 70, Laws 1895, p. 557, to the effect that tide lands not a portion of or adjacent to the shore shall be sold to the first applicant, after survey made by him, subject to the same conditions and limitations as provided for sale of tide lands of the second class, is limited to such lands as were not improved and in use for commerce, trade or business on and prior to March 26, 1890, whose sale is regulated by § 65 of the same act.

The fact that an applicant for the purchase of tide lands is a contestant against the first applicant for their purchase does not preclude him from prosecuting an appeal from an adverse decision of the board of state land commissioners.

Upon an appeal to the superior court from the decision of the board of land commissioners, respecting a contest for the purchase of tide lands, the court should hear the appeal upon its merits, and

not dismiss it on the ground that appellant's application was incomplete and did not conform to the law in every particular.

Appeal from Superior Court, Wahkiakum County.— Hon. W. W. LANGHORNE, Judge. Reversed.

*F. D. Winton, John H. & A. M. Smith,* for appellant.
*Haight & Owings,* for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—This case came before the superior court by an appeal from a decision rendered by the board of state land commissioners. The respondents there, who are also respondents here, filed a motion to dismiss the appeal, upon a number of grounds, going to the jurisdiction of the court to entertain it, etc., and this motion was granted, and an appeal was taken to this court. The respondents moved here to strike the entire record, made up of affidavits and papers filed with the board aforesaid, and the record of the proceedings of the board, etc., for the reason that the same were not brought by a bill of exceptions or a statement of facts, and a number of decisions of this court are cited as sustaining that proposition. But none of them are applicable, as in each of the cases the documents stricken, or which the court refused to consider, were filed originally in the superior court, and were not made a part of the record by including them in the statement of facts or bill of exceptions, except in one instance: where affidavits were sought to be filed in this court to contradict the record (*Ward v. Springfield Fire, etc., Ins. Co.,* 12 Wash. 631, 42 Pac. 119), and the court held that the record could not be modified here by affidavits. In *Winsor v. McLachlan,* 12 Wash. 154 (40 Pac. 727), it was held that stipulations entered into in the trial court would not be con-

sidered here, because they were not made a part of the record. In *Fife v. Olson*, 5 Wash. 789 (32 Pac. 766), it was held that testimony introduced upon the trial in the lower court by reading from the record of another case must be made a part of the record on appeal, or it could not be considered. And in *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141), the court held that affidavits claimed to have been submitted to the lower court in a contest as to the appointment of a receiver would not be considered on appeal without something to show that they were presented to the lower court on the hearing of the motion, and that such fact should have been certified to by the court in some manner. But in this instance the record was made before the board of state land commissioners, and section 82 of the act "relating to the public lands of the state" (Laws 1895, p. 562), provides that where an appeal is taken from said board the board shall prepare and certify under the hand of its secretary, etc., a true copy of all the pleadings and papers, etc., connected with the contest; and the proceedings before said board in this instance appear to have been regularly certified, accordingly, to the superior court, and the motion to dismiss the appeal there made and granted must be considered as having been made upon that record. If anything could have been introduced and was introduced in the superior court, aside from such record, sustaining the rights of the respondents to a dismissal, it was incumbent on the respondents to see that such matters were brought here in some proper manner. The record in question could properly come here as the transcript upon the certificate of the clerk of the superior court. For these reasons the motion was denied.

The tide lands of the state not reserved from sale are divided by section 52 of the act aforesaid into three classes. Subdivision 1 of said section specifies the first class, and relates to tide lands near cities and towns. The second and third classes are designated by subdivisions 2 and 3, respectively, which are as follows :

" ( 2 ) All other tide lands having valuable improvements thereon in actual use for commerce, trade or business on and prior to March 26, 1890, not including oyster lands. ( 3 ) All tide lands in the state not included in the above classes. And said lands shall be sold and disposed of in the manner provided by this act."

The tide land in controversy in this case is called by the parties a "tide island" and belongs to either the second or third class, as above specified. The respondents contend that it belongs to the third class, and that, under the last proviso contained in § 70 of said act, it must be sold to the first applicant. It is conceded that their application was prior in point of time. The proviso above mentioned is as follows :

" That any tide lands not forming a portion of or lying adjacent to the shore shall be sold to the first applicant at the rate of five dollars per acre, after survey made by him at his own expense, and subject to the same conditions and limitations as provided for sale of tide lands of second class."

The appellant claims that said tract was, some time since, supposed to belong to the state of Oregon, and that he purchased it and has a deed therefor from said state; and his application here to the commissioner of public lands to purchase alleges that he had been in possession of the land for nine years prior to making said application, engaged in the business of fishing (the only apparent purpose for which it was

useful), and had erected valuable improvements thereon; and he claims a preference right to purchase. If these allegations are true in point of fact, we are of the opinion that the land would fall within the second class.  But it may not be material whether it belongs to the second or third class, for the reason that the clause aforesaid of § 70 also provides that all tide lands not forming a portion of, or lying adjacent to, the shore, etc., shall be sold subject to the same conditions and limitations as are provided for the sale of tide lands of the second class; and it might be a question whether the provision relating to a sale to the first applicant must not give way to this, where the second applicant had been in possession for the purpose specified at and during the time required.  The evident intention of the act is to save the rights of such occupants, and there would be no reason, certainly, for any different rule as to lands not adjacent to the shore.  The first part of § 70 purports to deal with tide lands of the third class, while the proviso in question speaks of "any tide lands" not forming a portion of, or lying adjacent to, the shore, etc., and we are of the opinion that, where such lands were occupied as specified in § 65 of the act, §§ 65 and 70 should be construed together with reference to the sale thereof under the provision mentioned.  If this provision, in speaking of all tide lands, would include lands so occupied and used as third-class lands, under § 70, it is clearly in conflict with § 52 aforesaid, classifying tide lands.  If it is construed literally as it reads, viz.: "any tide lands not forming a portion of, or lying adjacent to, the shore," it would include all such lands, regardless of class, and the provision directing a sale to the first applicant would be in direct conflict with § 65, giving the occupant a prior right

to purchase. However viewed, it clearly gives rise to a conflict with reference to such detached lands as were improved and used as specified in §§ 52 and 65, and the provision directing a sale to the first applicant must be held as limited to such detached lands as were not so improved and used.

In addition to applying for the purchase of the land, the appellant also contested the application of the respondents; and the point was made that he could not be considered an applicant, for the reason that he was not the first applicant, and that, as a contestant of the right of the respondents to purchase, he had no right to appeal from the board of commissioners. But if the respondents' application was invalid and was rejected, appellant's application would be first, and would entitle him to purchase, regardless of his improvements and user, if his application was sufficient.

The motion of the respondents in the superior court to dismiss the appeal was based upon nine grounds, and the court, in its judgment of dismissal, saw fit to indicate its reasons, and sustained the motion upon the first, second, third, fourth and ninth grounds. These allege, in substance, that the board of state land commissioners had no jurisdiction to hear the protest of appellant against the attempted purchase by the respondents; that appellant had no legal claim to the land in controversy; that the land belonged to the third class, and must be sold to the first applicant; and that appellant was not a qualified applicant. One of the grounds of the motion to dismiss was that a sufficient appeal bond had not been filed. The lower court found against this proposition, but the respondents urge that it should have been sustained, and that this would justify the action of the court in dismissing the case, although that court found otherwise

upon the point. But the defect in the bond has not been pointed out. It appears that the secretary of the board refused to approve, or rejected the bond, but our attention has been called to no provision authorizing him to reject an appeal bond fair on its face, as this one seems to be, nor to examine sureties; and in the absence of any ruling of the court upon it, and of any specific objections made to it, we pass it without further comment.

The ground upon which appellant's application was rejected was that the plat of survey accompanying it did not conform to the rules prescribed by the board of state land commissioners. What these rules were does not appear; and we would be unable to say, were we to consider it now, whether they were such rules as the board had authority, under the law, to adopt, and whether, as a matter of fact, appellant's application complied with them. These were matters to be determined by trial upon the merits. Under the provision relating to an appeal, the evidence is not certified to the superior court by the board, and the result of the court's action upon the motion to dismiss was apparently to decide against appellant upon the merits, without hearing his case. At least, there was nothing upon the face of the record to warrant it without some further showing.

It is urged by the respondents that unless appellant's application was complete, and conformed to the law in every particular, he was not entitled to purchase nor to appeal; and the case of State, ex rel. Megler, v. Forrest, 13 Wash. 268 (43 Pac. 51), is cited as sustaining that proposition. But the application there was for a writ of mandamus, and in order to grant such a writ the rights of the relator must be clearly established, while in this case the matter came before

the superior court by way of an appeal upon the merits, and we think the court erred in dismissing it upon the motion.

Reversed and remanded for further proceedings.

DUNBAR, ANDERS and REAVIS, JJ., concur.

GORDON, J. (*dissenting*).—I think the motion to dismiss the appeal should have been granted. The record discloses that the order and judgment appealed from was based in part upon at least one affidavit. This affidavit was not brought into the record by any bill of exceptions or statement of facts, and cannot, therefore, properly be considered. *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141); *State v. Howard*, 15 Wash. 425 (46 Pac. 650). But in reference to this the majority say "it was incumbent on the respondent to see that such matters were brought here in some proper manner." On the contrary, I think that error will not be presumed; that it was appellant's duty to bring to this court a true record of the proceeding upon which the order appealed from was based. And when, as here, it clearly appears that he has not done so, the appeal should be dismissed.