[No. 7184.  Decided April 27, 1908.]

THE STATE OF WASHINGTON, *on the Relation of the Murhard Estate Company, Plaintiff*, v. THE SUPERIOR COURT FOR CLARKE COUNTY *et al., Respondents.*[1]

COUNTIES—COUNTY OFFICERS—DEPUTIES—HIGHWAYS—ESTABLISHMENT—VIEW AND REPORT.  The county engineer may appoint a deputy who has the same powers as his chief to view a proposed road and sign the report in his own name, under the general provisions of Bal. Code, §§ 1564, 1695, relating to deputies of county officers, and Laws 1907, p. 352, referring to the county "engineer or his deputy."

SAME—APPOINTMENT OF DEPUTY—RATIFICATION.  The appointment of a deputy county engineer will be considered ratified by the county commissioners, where the commissioners accepted and acted upon his view and report of a proposed county road.

SAME—VALIDITY OF APPOINTMENT—COLLATERAL ATTACK.  The appointment of a deputy county engineer cannot be questioned collaterally in an attack upon his view and report of a proposed county road.

HIGHWAYS—ESTABLISHMENT—COLLUSION—EVIDENCE— ADMISSIBILITY.  Collusion between county commissioners and a railroad company in locating a proposed county road cannot be shown by the fact that the railroad company desired the location agreed to for its own purposes, where there was no evidence of improper influence or inducement.

SAME—EMINENT DOMAIN—REVIEW—COLLATERAL ATTACK—CONCLUSIVENESS.  The question of the necessity for taking certain land for the location of a county road cannot be collaterally attacked on certiorari to review the order of condemnation where no appeal or certiorari was taken from the order establishing the road; and the commissioners had jurisdiction.

[1]Reported in 95 Pac. 488.

Application for a writ of certiorari to review an order of the superior court for Clarke county, McCredie, J., entered January 21, 1908, condemning land for county road purposes.   Denied.

*Milton W. Smith,* for relator.

*A. L. Miller* and *James P. Stapleton,* for respondents.

Root, J.—This is an original application for a writ to review the proceedings of the superior court for Clarke county which resulted in an order condemning a portion of relator's property for county road purposes.

Relator relies upon three propositions of law, viz: (1) That the county commissioners had no jurisdiction to order the road established or to direct the prosecuting attorney to institute proceedings for condemnation; (2) that the location of the road along the route specified is not required because the property owners offered to dedicate an equally suitable route; and (3) that the county commissioners, in locating the road in such manner, acted in collusion with the Portland & Seattle Railway Company.   It is argued by relator that the report of the deputy county surveyor is not sufficient to justify action by the county commissioners, for two reasons: (1) it was not made by the county engineer; (2) it does not give a description of each tract of land over which the road passes, with the name and place of residence or address of the owners.

Under the first point relator maintains that the county engineer was not authorized to employ a deputy, and second that, if so authorized, such deputy nevertheless had no power to act in the matter of viewing out a proposed road.   Bal. Code, § 1564 (P. C. § 4006), provides that, in all cases where the duties of any office are greater than can be performed by the person elected to such office, he may employ, with the consent of the county commissioners, necessary help.   Bal. Code, § 1695 (P. C. § 8631), provides that the county com-

missioners may allow such deputy or deputies to county offi-
cers as in their judgment the business requires. Section 6 of
the act of 1907 evidently contemplates the appointment of a
deputy county surveyor or engineer, where it reads, "the
county engineer or his deputy." It is urged that this deputy
signed his own name instead of that of the county engineer
or surveyor. We think the manner of his signing the report
was immaterial, and that as a deputy he had in this instance
the same power as his chief, and that his report must be ac-
cepted as if made by the county engineer. *State v. Rosener*,
8 Wash. 42, 35 Pac. 357.

It is urged that the appointment of this deputy was not
authorized or ratified by the county commissioners. Per-
haps it may not have been authorized or approved expressly;
but it appears that this report was received, accepted, and
acted upon by the board of county commissioners, and we
think for the purposes of this transaction that this in itself
amounted to a ratification of the appointment of such deputy.
Moreover, we do not think that this deputy's title to the office
he was exercising can be questioned in the collateral manner
herein attempted. *State v. Fountain*, 14 Wash. 236, 44 Pac.
270; *Northwestern Lumber Co. v. Chehalis County*, 25 Wash.
95, 64 Pac. 909, 87 Am. St. 747, 54 L. R. A. 212; *Dane
v. State*, 36 Tex. Cr. 84, 35 S. W. 661; *Wheeler & Wilson
Mfg. Co. v. Sterrett*, 94 Iowa 158, 62 N. W. 675.

The alleged collusion between the county commissioners,
which relator sought to prove, consisted, as shown by his peti-
tion, of the fact that the railway company, for purposes of
its own, desired the county road to run where the commis-
sioners decided to locate it, and that company and commis-
sioners had agreed that the latter should so locate it. But it
is not alleged, nor was any evidence tendered to show, that
any improper influence or inducement was offered to, or
brought to bear upon, said commissioners to occasion, or which
did occasion, their action. We think the proffered evidence
was properly excluded.

It is urged that there was no necessity for taking this particular land as other land equally good had been tendered for the purpose. We think the character and contents of the original petition to the county commissioners and the report of the deputy surveyor to them were sufficient to give the board jurisdiction over the matter. The question of the propriety or necessity of taking this particular land was for the county commissioners, and their determination cannot be collaterally attacked. *State ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69 Pac. 366; *State ex rel. Pagett v. Superior Court*, 47 Wash. 11, 91 Pac. 241. No appeal or review by certiorari was taken from the action of the commissioners in ordering the road established, and as the jurisdictional facts appear, the court was not required to go into matters over which the commissioners exercised their jurisdiction.

Finding no error in the proceedings of the superior court, the writ is denied.

HADLEY, C. J., DUNBAR, CROW, RUDKIN, and MOUNT, JJ., concur.