[No. 8482. Department One. February 7, 1910.]

# THE CITY OF TACOMA, *Respondent*, v. JAMES L. WETHERBY et al., *Appellants*.[1]

EMINENT DOMAIN—FOR STREETS—PETITION—DESCRIPTION OF PROP-ERTY. In proceedings by a city to condemn land for a street, under Rem. & Bal. Code, § 7771, the petition need not describe land damaged or the whole tract out of which the land is taken, but only the land taken.

SAME—NECESSITY OF ANSWER. In condemnation proceedings by a city under Rem. & Bal. Code, § 7771, etc., no answer offering an issue is necessary.

SAME—DAMAGES—EVIDENCE—CONSEQUENTIAL INJURY. In eminent domain proceedings by a city, the landowner may give evidence of consequential damages, although only the part of the land to be taken is described.

SAME—EVIDENCE—VALUES—PRICES PAID—HARMLESS ERROR. It is not so prejudicial as to require a reversal that, upon an issue as to the value of land condemned, the owner was asked on cross-examination what he paid for it; where defendant had asked a witness what had been paid for similar land, and there was other evidence as to the value, supplemented by a view by the jury.

SAME—COMPARISON OF VALUES. Upon an issue as to the value of land condemned, it is not error to refuse to allow witnesses to approximate the value by reference to platted property, where the property was not platted, and the owner had shown it to be especially valuable for factory purposes and special uses.

EMINENT DOMAIN—APPEAL—RECORD—REVIEW. The refusal, in eminent domain proceedings, to allow evidence that the land had been leased, will be presumed correct when a copy of the lease offered in evidence is not in the record.

TRIAL—INSTRUCTIONS—REQUESTS. Objection that an instruction failed to name the date for fixing the market value of land, cannot be made in the absence of any request therefor.

TRIAL—INSTRUCTIONS—ARGUMENT OF COUNSEL. An instruction that the jury are to "disregard the statements of the attorneys as to the value of the lands," while not commendable is not prejudicial, where it goes no further than to suggest that the statements are not to be regarded as evidence.

[1] Reported in 106 Pac. 903.

EMINENT DOMAIN—FOR STREETS—DAMAGES—OFFSET OF BENEFITS. In eminent domain proceedings by a city, it is proper to instruct that benefits to adjacent property are to be deducted from the damages to such property, if the damage is in excess of the benefits, but if the benefits are equal, the jury must find the lands not damaged; regardless of questions that may arise on the assessment of benefits.

EMINENT DOMAIN—TRIAL—SEPARATE TRIALS—DISCRETION. In eminent domain proceedings by a city, it is discretionary, under Rem. & Bal. Code, § 7774, to refuse separate trials to owners of the property, to be reviewed only for abuse of discretion.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered July 1, 1909, upon the verdict of a jury rendered in favor of the plaintiff. Affirmed.

*H. W. Lueders,* for appellants Wetherby *et al.*

*Frederick H. Murray* and *Thos. Carroll,* for appellants Murray *et al.*

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham,* for respondent.

CHADWICK, J.—This action was brought by the city of Tacoma to condemn certain property for the purpose of extending Center street in said city. Appellants Murray, Wallace, and Carroll are the owners of a tract of land, one hundred and fifty feet in width, and approximately six hundred and twenty-three feet long, lying parallel with, and adjacent to, the right of way of the Northern Pacific Railway Company. Appellants Wetherby own a like tract, approximately one hundred feet long. This adjoins the first described tract on the east. The case was tried as one case, but separate appeals are prosecuted by the claimants of the respective tracts. We will first consider the grounds urged by appellants Murray and their co-owners.

The point is made that the petition was insufficient to warrant the introduction of evidence, for the reason that it did not describe the whole tract out of which the land is sought to be taken. In this class of cases the statute is the only guide. Reference to Laws of 1907, §§ 4 to 8, pp. 318,

319 (Rem. & Bal. Code, §§ 7771 to 7775), makes it apparent that the description is sufficient. The law does not require the petitioner to set out the description of any land that may be consequentially damaged, but only such as is to be put to the public use. Nor is any answer offering or defining an issue thereon necessary. *State ex rel. Ami Co. v. Superior Court*, 42 Wash. 675, 85 Pac. 669; *Seattle & Montana R. Co. v. Murphine*, 4 Wash. 448, 30 Pac. 720. Under almost all authority, the landowner may give evidence as to consequential damages, although only the part of the land to be taken is described in the record. This rule was adopted by this court in *Sultan Water & Power Co. v. Weyerhauser Timber Co.*, 31 Wash. 558, 72 Pac. 114. The cases are collected in Lewis on Eminent Domain (3d ed.), 698, and 5 Ency. Evidence, p. 241. Evidence of such damages was taken in this case, so that, irrespective of any question of practice, appellants have not been prejudiced.

It is also urged that the court erred in allowing evidence upon the question of benefits that would accrue to appellants' remaining property. This assignment will be discussed when considering an instruction covering the same subject.

To fix the value of the Wetherby tract, his counsel had asked a witness some questions as to the price paid for similar property theretofore purchased by the Union Pacific Railway Company. On cross-examination the city attorney asked the witness how much Mr. Wetherby paid for his land. Appellants' objections seem to be based on the theory that this testimony stands alone. If this were so, it might be regarded as error. *Port Townsend Southern R. Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710. But there was other testimony going to the value of the property, and this being supplemented by a view of the premises by the jury, we do not consider it so prejudicial as to warrant a reversal.

The trial court refused to allow appellants' witnesses to approximate the value of the land taken by reference to platted property. That was not error. The property had

not been platted. Appellants had shown it to be especially valuable for factory purposes and special uses, and to make comparison by reference to town lots without allowance for streets, avenues, or alleys, and other considerations which distinguish acreage from platted ground, would tend to conjecture and speculation on the part of the witness, rather than to the ascertainment of the true value as it was at the time of the trial.

The trial court refused to hear testimony tending to show that the land had been leased to the Union Pacific Railway Company. It is questionable whether this testimony could have been received on any theory. But as a copy of the lease offered by counsel is not before us, we must presume that the ruling of the court was proper.

It is urged that the court erred in instructing the jury that they should fix the actual cash market value of the land proposed to be taken. This objection is urged on the theory that, under the act of 1907, a long time must necessarily intervene between the date of appropriation and date of payment, and that the court should have so instructed the jury. Regardless of any merit this contention might have otherwise had, no request for an instruction upon this point was made by appellants. The instruction given by the court is the one usually given in such cases, and appellants are in no position to complain of it.

The jury were told that, in estimating the value of the lands taken, they should disregard the statements of the attorneys as to the value of the lands. It would be better, if the court assumes to instruct the jury upon the weight to be given to the arguments of counsel, to do so fully. It is the privilege of every litigant to be represented by counsel who has the right to advocate the cause of his client and to combat that of his adversary. He may discuss the facts of the case, the manner and demeanor of the witnesses, and all things presented by, or growing out of, the record. To these arguments the jury should give the most careful considera-

tion, for the office of the attorney is to assist them in arriving at a true verdict. But it does not follow that the court may not warn the jury that the ultimate fact must be found from the testimony of the witnesses, and that in case of doubt their recollection of the evidence must prevail over the statements of counsel. While we do not commend the instruction given by the court as a model for future use, we think it went no further than to suggest that the statements of counsel were not to be regarded as evidence. We will not presume that the jury were misled thereby.

The following instruction is complained of:

"In determining whether any such adjacent property is damaged, you will determine whether or not the remaining property is benefited, and if the damage is in excess of the benefits arising from the opening of the proposed street, then you will assess the damages to the amount of such excess; but if you find the benefit to the adjacent property is equal to the damage. the adjacent property will sustain by reason of the opening of the street, then you will find the property is not damaged."

The question of comparative damages, as applied to condemnations for municipal purposes, has been settled in this state both by statute and by judicial opinion. The instruction given seems to have been drawn under the statute, and it is in accord with the decisions of this court as collected in *Kitsap County v. Melker*, 50 Wash. 29, 96 Pac. 695. The case was tried as a condemnation case, and we cannot now consider any questions that might arise under the assessment proceeding which is to follow:

The only question raised by appellants Wetherby not covered by the foregoing is that the court erred in refusing these appellants a separate trial under the condemnation act. Laws 1907, p. 318, § 7 (Rem. & Bal. Code, § 7774). By the terms of the statute, this was a matter resting within the discretion of the trial court, and cannot be considered by us in the absence of some showing that the court has abused its discretion. *In re Western Avenue,*

*ante* p. 290, 106 Pac. 901. Certain other assignments of error are made based upon the refusal to receive or to strike out evidence and upon instructions given and refused. But the legal questions arising therefrom are disposed of in the discussion of the case made by appellants Murray and their co-owners.

The judgment of the lower court is affirmed.

RUDKIN, C. J., GOSE, MORRIS, and FULLERTON, JJ., concur.