[No. 13723.  Department One.  April 11, 1917.]

GAVRO SLADJOE, *Respondent*, v. NATIONAL CASUALTY
COMPANY, *Appellant*.[1]

APPEAL—REVIEW—INSTRUCTIONS—EXCEPTIONS. In an action upon
a policy of health insurance, the defendant cannot assign error in
failing to instruct the jury relative to a paragraph in the policy pro-
viding for partial indemnity, where it failed to call the attention of
the court to such paragraph or request any instruction thereon.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered April 10, 1916, upon the verdict
of a jury rendered in favor of the plaintiff, in an action on
contract, after a trial on the merits. Affirmed.

*Van Dyke & Thomas*, for appellant.

*Walter B. Allen*, for respondent.

WEBSTER, J.—This is an action to recover indemnity upon
a policy of accident and health insurance issued by defendant
on the 18th day of February, 1915. Plaintiff alleged that it
had previously issued to him a similar policy which had been
mutilated and destroyed, and that by express agreement of
the parties the policy upon which this action is based was is-
sued to take the place of the previous one; that thereafter
plaintiff became ill and was subsequently operated upon for
appendicitis, and by reason thereof he was confined to his
place of abode and therein regularly visited and treated by
a legally qualified physician. Defendant by its answer de-
nied that the second policy had been issued in lieu of the first,
and affirmatively pleaded that it was a new and distinct
policy having no relation to or connection with the first; that,
by the terms and provisions of the new policy, it did not cover
sickness commencing within sixty days after its issuance, and
that the illness for which plaintiff is seeking to recover began
within sixty days from that time. There is abundant evi-

[1]Reported in 164 Pac. 203.

dence in the record to support the allegation that the second policy was issued to take the place of the first, and this issue was fairly submitted to the jury and resolved in plaintiff's favor.

Defendant further alleged that plaintiff did not pay the monthly installment of premium which was due on March 1, 1915, until the 6th day of March, 1915; that, by the terms of the policy, it is provided that, if default is made in the payment of the agreed premium when due, a subsequent acceptance of the premium by the company would reinstate the policy but only to cover sickness beginning more than ten days after the date of such acceptance, and the plaintiff's alleged illness began within that time. The evidence tended to show that, on March 7, 1915, plaintiff became ill, but at that time was suffering from a bad cold or the grippe, and no recovery for that sickness is sought in this action. The illness for which plaintiff is endeavoring to recover is that alleged to have been incident to an attack of appendicitis and a subsequent operation therefor, and there was ample evidence that this attack occurred more than ten days after the acceptance of the March premium. This issue also was submitted to the jury and decided favorably to plaintiff.

Each of the policies contained two paragraphs, identical in form, relating to indemnity for sickness. Paragraph G provided indemnity at the rate of $50 per month for the number of consecutive days after the first week, not exceeding six months, that the insured is necessarily continuously and actually confined in any house and therein regularly treated by a legally qualified physician. It is upon this paragraph that plaintiff basis his cause of action. Paragraph H provides for one-half of the rate provided in paragraph G, but not exceeding two months, when the insured is wholly and continuously disabled, though not confined within a house, but is actually attended by or calling upon a physician. Defendant complains of the failure of the court to instruct the jury relative to the provisions of paragraph H providing for

partial indemnity. It did not except to the portion of the charge wherein the jury was instructed that plaintiff's recovery was to be measured by the provisions of paragraph G, other than to urge that the court did not accurately state those provisions. A careful examination of the instructions convinces us that this objection is without merit. Defendant did not request the court to submit to the jury an instruction based upon the provisions of paragraph H, and that paragraph was in no way called to the attention of the court. Not having excepted to the instructions given other than as herein pointed out, and not having prepared and requested an instruction embodying the provisions of paragraph H, defendant cannot now be heard to complain of the failure of the court to so instruct the jury. *Hiscock v. Phinney*, 81 Wash. 117, 142 Pac. 461, Ann. Cas. 1916E 1044; *Zolawenski v. Aberdeen*, 72 Wash. 95, 129 Pac. 1090; *Tacoma v. Wetherby*, 57 Wash. 295, 106 Pac. 903; *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 59 Pac. 495; *Allend v. Spokane Falls & N. R. Co.*, 21 Wash. 324, 58 Pac. 244; *Cogswell v. West St. & N. E. Elec. R. Co.*, 5 Wash. 46, 31 Pac. 411.

Affirmed.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.