[No. 14569.   Department One.   April 18, 1918.]

## THE STATE OF WASHINGTON, *on the Relation of August Havercamp et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

EVIDENCE—DOCUMENTARY EVIDENCE—RECORDS.   Copies of records certified by a deputy county auditor are not inadmissible because not certified by the auditor; the act of his deputy being his act.

SAME—DOCUMENTARY EVIDENCE—MAPS AND PLATS.   A plat made by a deputy county engineer, based on his own field notes, is admissible in evidence, under Rem. Code, § 3975.

HIGHWAYS—ESTABLISHMENT — AUTHORITY OF COUNTY COMMISSIONERS—JURISDICTION—COLLATERAL ATTACK.   County commissioners having general jurisdiction of the establishment of county roads by virtue of Rem. Code § 5623-1 *et seq.* and having acquired jurisdiction by petition and notice as required by Id., § 5633, to establish a certain road, their jurisdiction cannot be attacked collaterally by certiorari proceedings to review an order adjudicating a public use and necessity for appropriating lands for the road.

SAME—ESTABLISHMENT—CHANGE OF ROUTE.   Under Rem. Code, § 5627, empowering the county engineer to survey any other route for a county road than that petitioned for, the county commissioners may, after notice and hearing thereon, adopt a change in the route petitioned for; and reference to the former terminal points ·is no longer jurisdictional, in view of Id., §§ 5623-2 and 5623-3, empowering the commissioners to establish any road without petition or adopt any route found most practicable.

[1]Reported in 172 Pac. 254.

Certiorari to review an order of the superior court for King county, French, J., entered November 12, 1917, adjudging a public use and necessity in condemnation proceedings for a county road. Affirmed.

*Vince H. Faben,* for relators.

*Alfred H. Lundin, Edwin C. Ewing,* and *William J. Steinert,* for respondent.

ELLIS, C. J.—Proceeding in certiorari to review an order of the superior court of King county adjudicating the public use and necessity for the appropriation of lands of relators for a county road.

The petition for the road is not in the record, but there is in the record the original order of the board of county commissioners establishing the road, which order recites that, on February 10, 1914, the required number of householders petitioned the board to establish a county road:

"Commencing at the northwest corner of the northeast quarter of the northwest quarter of said section 16, township 24 north, range 5 east, W. M., running thence due south as near as possible to intersect with the Newport-Issaquah Road."

The petition was accompanied by a bond as required by Rem. Code, § 5623-5 and § 5626. Thereafter the county engineer examined the proposed route and, on August 15, 1916, filed his report, together with a map and field notes of his survey, recommending the establishment of the road as above described. A hearing was had on this report pursuant to notice to the property owners, and the board of county commissioners, on October 9, 1916, entered an order establishing the road. On December 1, 1916, the county filed its petition in the superior court to condemn the land for a right of way on the route described. The relators herein and the other property owners whose lands

were affected were made parties to that action. On February 26, 1917, an order was entered dismissing the condemnation proceeding as to the relators herein and another party with whom we are not concerned. As to the remaining landowners, the cause proceeded to trial, a verdict was returned, judgment rendered and a decree of appropriation entered therein. By that proceeding the county acquired the right of way for the road from the initial point to a point on the northerly line of relators' land.

On April 12, 1917, the county engineer, having recommended a revision in the alignment of the proposed road across relators' land, filed with the board amended field notes and an amended report upon that portion of the road. We find it unnecessary to set out the description of the road as so changed. It will suffice to say that it changed the course from the original survey across relators' land from an almost direct line making a connection with the Newport-Issaquah road to a southeasterly course connecting with the Newport-Issaquah road three or four hundred feet easterly from the original proposed point of connection.

On May 28, 1917, upon a hearing pursuant to notice to the relators, the board, by order, declared its decision that the road should be established as recommended in the amended report. The provisions of the statute relative to notice, awards for damages, etc., were all complied with. Thereafter the county filed a second petition in the superior court seeking to condemn the right of way so adopted across the land of relators. The matter came on before respondent Judge Walter M. French, sitting as visiting judge in King county, for preliminary hearing on November 12, 1917. The court entered an order adjudicating a public use and necessity for the appropriation of the land for a

highway, and set the cause for trial by jury on December 10, 1917, to determine the compensation for the land to be taken. Relators appeared at this preliminary hearing, asserting that their appearance was special for the purpose of objecting to the jurisdiction of the court. They participated in the hearing, however, introduced evidence and cross-examined all of the witnesses for the other side. They excepted to the order and moved for new trial, which was denied. Thereupon they instituted this proceeding in this court to review the action of the trial court.

Relators have made five assignments of error. One of these challenges the admissibility, as evidence, of a certified copy of the record of the proceedings before the board of county commissioners and of a plat made by the deputy county engineer. The first of these was objected to because it was certified by the deputy county auditor instead of the county auditor. We see no merit in this objection. The act of the deputy is the act of the auditor for which the auditor is responsible. Rem. Code, § 3925. The plat was also properly admitted. It was shown by the deputy county engineer that it was based upon the field notes of the survey made under his own direction. Rem. Code, § 3975.

The other assignments of error are all directed to the main contention of the relators, which, if we have caught counsel's meaning, is this: That the jurisdiction of the board of county commissioners to establish a road can only be invoked by petition; that the revised alignment of the road across relators' land as contained in the engineer's amended report and adopted by the board upon the hearing of May 28, 1917, was insufficient to confer jurisdiction upon the board to adopt that alignment, in that no new petition was filed and the southerly terminus of the road was shifted;

that, therefore, the court was without jurisdiction to entertain the preliminary proceedings in condemnation to determine the questions of public use and necessity.

There are two sufficient answers to this argument. In the first place, the county commissioners had, under the statute, jurisdiction of the general subject-matter; viz., the establishing of roads. Rem. Code, § 5623-1 *et seq.* The commissioners, in the exercise of this jurisdiction, by their original order of October 9, 1916, made upon a hearing after having acquired jurisdiction of the persons whose property would be affected, by notice as required by law, Rem. Code, § 5633, found that, on February 10, 1914, a petition signed by the required number of householders had been presented, together with the bond required by law. The bond itself appears in the record. So far as the record shows, no proceeding of any kind was ever instituted to review this order. It cannot be attacked collaterally in this proceeding. *State ex rel. Pagett v. Superior Court,* 47 Wash. 11, 91 Pac. 241; *State ex rel. Murhard Estate Co. v. Superior Court,* 49 Wash. 392, 95 Pac. 488. On the record before us it must be taken as true. It is obvious, therefore, that, even upon relators' assumption that the petition is jurisdictional, the jurisdiction of the commissioners to establish the road was amply established.

Relators' assertion that the commissioners had no jurisdiction to enter the order of May 28, 1917, in that no new petition was filed requesting the change, has no foundation in the present law. The statute, Rem. Code, § 5627, empowers the county engineer to survey any other route than that described in the petition which will subserve the same purpose, and make a report thereon. He is not even required to observe the terminal points proposed in the petition. His

amended report was authorized by this section. Notice of a hearing on this report was given to relators as required by § 5633, a hearing was had thereon, and the order adopting the change was entered in all respects as required by § 5634. The statute plainly gives to the commissioners a broad latitude to adopt, upon the recommendation of the engineer and on notice and a hearing, the most feasible route for the road which will subserve the same purpose as the route described in the petition, and this without any new petition so requesting. In proceedings under the law in force now and when these proceedings were had, contrary to those under the old territorial statute, the petition is not relied upon as notice to the landowners as to the exact route the road will finally take. Specific notice to the landowner is now given and he is accorded a hearing by the board on that question. The reference in the petition to terminal points and course is no longer jurisdictional. *Chelan County v. Navarre,* 38 Wash. 684, 80 Pac. 845.

In the second place, the petition is now in no sense jurisdictional. By the act of 1911, Rem. Code, § 5623-2, the commissioners themselves are empowered by unanimous vote to initiate the proceedings to establish any road without any petition, and under § 5623-3 may, after notice and a hearing, adopt any route therefor found most practicable by the engineer. There was evidence that the commissioners were unanimous in the relocation of the road here involved. In every view of the matter, therefore, the commissioners were proceeding within their plain statutory powers when they established this road. We cannot review their proceedings in a search for mere irregularities in this case where they are only collaterally involved. *State ex rel. Pagett v. Superior Court, supra; State ex rel. Murhard Estate Co. v. Superior Court, supra.* The sole

question here is that of public use, and it is elementary that use for a public highway is a public use. The court had jurisdiction of the subject-matter and acquired jurisdiction of the persons of relators by proper service.

· The order under review is affirmed. The stay of proceedings pending this hearing, heretofore granted by this court, is vacated.

FULLERTON, PARKER, MAIN, and WEBSTER, JJ., concur.