[No. 15271. Department Two. August 5, 1919.]

THE STATE OF WASHINGTON, *on the Relation of McPherson Brothers Company, Plaintiff,* v. THE SUPERIOR COURT FOR CHELAN COUNTY, *Defendant.*[1]

HIGHWAYS (13)—ESTABLISHMENT—PETITION—SUFFICIENCY. Rem. Code, § 5623-4, providing for a petition for a county road by ten or more householders does not require that the petition state that they are householders, and where it was signed by ten or more residents and taxpayers and evidence was taken and acted upon, it will be presumed that the county commissioners were satisfied that they were householders.

EMINENT DOMAIN (120)—PROCEEDINGS—NECESSITY OF ANSWER. In condemnation proceedings for a county road, no answer is necessary, and it is therefore not error to sustain a demurrer to an answer or in refusing to allow a second answer.

EMINENT DOMAIN (158) — REVIEW ON CERTIORARI — RECORD. On certiorari to review proceedings to condemn a county road, the absence of evidence in the record does not show that no evidence was received, where the clerk's certificate merely stated that the record contains a true copy of the files, and the judgment recited that the order of necessity was made upon testimony received.

SAME (158). On certiorari to review an order of necessity for the condemnation of land for a county road, sufficiency of the facts cannot be reviewed where the evidence was not brought up.

[1] Reported in 182 Pac. 962.

Certiorari to review an order of the superior court for Chelan county, Grimshaw, J., entered February 6, 1919, adjudging a public use and necessity, in condemnation proceedings for a county road. Affirmed.

*Peter McPherson,* for relator.

*Warren N. Wilson* and *John W. Hanna,* for defendant.

BRIDGES, J.—Certain persons of Douglas county petitioned the commissioners of that county to establish a certain county road; the petition was referred to the county engineer, who reported favorably thereon and gave a particular description of the proposed road. Thereafter the commissioners caused notice to be given to the landowners of the time and place of hearing of the petition. The relator appeared at this hearing by its president and attorney and participated in the proceedings. In due course, the commissioners made an order finding the road to be necessary and establishing the same. It also found that the relator, over whose land a portion of the proposed road would be built, would be damaged thereby in a certain sum, which the commissioners caused to be tendered to the relator. This tender was rejected. Thereafter the commissioners made an order directing the prosecuting attorney of Douglas county to institute proper proceedings in the superior court for the purpose of acquiring the right of way for the road. Thereafter the prosecuting attorney did institute such proceedings by the usual petition and notice, and the relator was properly brought into court, where it both moved to require the petition to be made more definite and certain and demurred thereto upon certain statutory grounds. The motion was denied and the demurrer was overruled by the superior court of Chelan county,

to which court the cause had been transferred upon application for change of venue. The relator then filed an answer which contained certain alleged affirmative defenses. The county demurred to these affirmative defenses, which demurrer the court sustained. Thereafter, the relator filed an amended answer which, in substance, was the same as the original answer, and the demurrer of the county to the affirmative defenses of the amended answer was sustained. The relator then asked permission of the court to file a second amended answer which was substantially the same as the first amended answer. The court refused to permit the filing of this second amended answer. Thereafter the court made an order adjudging that the contemplated use of the real estate sought to be condemned was a public use, and that it was necessary that said real estate be condemned for the purpose of laying out the county road, which order further directed that the cause be submitted to a jury on the question of the amount of damages to be awarded. Thereafter the relator sued out this writ of certiorari, and it now contends that the original petition filed with the commissioners was insufficient, and that the court erred in overruling its demurrer to the petition in condemnation, and in sustaining the county's demurrer to both the original and first amended answer, and in refusing to allow relator to file its second amended answer. It also claims that the court erred in making the preliminary order of necessity without the taking of testimony.

There may be a question as to whether, in this proceeding, this court has a right to review the sufficiency of the road petition filed with the county commissioners, or to review any portion of the proceedings before that body other than jurisdictional questions. Inasmuch, however, as this question has not been briefed,

and we intend to uphold the sufficiency of the petition, we will pass upon those questions without specifically deciding our authority so to do.

I.   The statute with reference to the laying out of county roads provides that the proceedings may be initiated by ten or more householders of the county, residing in the vicinity of the proposed road, filing with the county commissioners a petition for the establishment of the road. Rem. Code, § 5623-4.   The petition in this case was signed by more than ten persons and recites that the signers "are residents and taxpayers of the county of Douglas and in the vicinity herein to be benefited."   Relator's objection to this petition is that it is not signed by householders, as provided by the statute.   It will be observed, however, that the statute does not require that the petition state that the signers are householders; it is sufficient if the county commissioners be satisfied that the signers are householders.   Generally speaking, a resident and taxpayer is a householder, but probably not necessarily so. The order of the commissioners establishing the road shows upon its face that testimony was taken, and inasmuch as the commissioners proceeded to act upon the petition and establish the road, we must presume that they were satisfied that the petition had been signed by ten or more householders as provided by statute.   At least, we must so presume until we find something in the record to show to the contrary.   There is nothing to be found in the record showing that any of these petitioners were not householders.   We conclude, therefore, that the petition is sufficient.

II.   The relator complains of the court's order sustaining the demurrer to the affirmative defenses in each its original and first amended answer, and also complains that the court refused to permit it to file a second amended answer.   These matters were entirely

within the discretion of the court. This court has held in a large number of cases that the statute with reference to cases of this character does not contemplate any answer upon the part of the landowner who is made a party to the action. *Seattle & M. R. Co. v. Murphine,* 4 Wash. 448, 30 Pac. 720; *State ex rel. Ami Co. v. Superior Court,* 42 Wash. 675, 85 Pac. 669; *In the Matter of Pike Street,* 42 Wash. 551, 85 Pac. 45; *Manhattan Bldg. Co. v. Seattle,* 52 Wash. 226, 100 Pac. 330; *Tacoma v. Wetherby,* 57 Wash. 295, 106 Pac. 903; *Tacoma Eastern R. Co. v. Smithgall,* 58 Wash. 445, 108 Pac. 1091. The landowner may, without any pleading, make any defense to such actions he sees fit. Since, therefore, no answer is necessary, there cannot be any error in sustaining the demurrer to the answers, or in refusing to allow the second amended answer to be filed.

III.   The next contention, as we understand it, is that the trial court made its adjudication of necessity without the taking of testimony. The only thing in the record to indicate that this order was made without the taking of testimony is the absence from the record before us of any testimony. However, the fact that there is no testimony in the record would not conclusively show that no testimony was taken. The certificate made by the clerk of the court and attached to the record before us states that the record contains a true and correct copy of the "entire files" in the above entitled cause. It does not pretend to certify that the record contains all of the proceedings had in the case. Furthermore, the order of necessity made by the court shows that all the parties were present and that testimony was introduced by the petitioners, and we must, therefore, assume that the order of necessity was made upon testimony received.

The relator also complains that the facts do not justify the court in making the order of necessity. Inasmuch as the facts are not before us, we must refuse to pass upon this point. We do not see any error in the record.

The order under review is affirmed. The stay of proceedings pending this hearing, heretofore granted by this court, is vacated.

HOLCOMB, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.