[No. 21273.    Department Two.    June 22, 1928.]

THE STATE OF WASHINGTON, *on the Relation of McPherson Brothers Company, Plaintiff,* v. THE SUPERIOR COURT FOR DOUGLAS COUNTY *et al., Respondents.*[1]

[1] EMINENT DOMAIN (14, 40)—PUBLIC USE—HIGHWAYS—DISCRETION —REVIEW.  Condemnation for a highway approach to a toll bridge is for a public use, and will not be set aside for fraud or arbitrariness, where the interests of the public will be served by reducing the grade for a large volume of traffic.

[2] EMINENT DOMAIN (120)—ANSWER—NECESSITY—REPLY.  No answer being necessary in condemnation proceedings, error cannot be assigned on failure to reply.

[3] PLEADING (202)—WAIVER OF OBJECTIONS—WANT OF REPLY.  It cannot be first urged in the supreme court that the allegations of the answer in eminent domain proceedings were admitted by failing to reply, after going to trial without objection.

Certiorari to review a judgment of the superior court for Douglas county, Steinert, J., entered March 29, 1928, adjudging a public use and necessity in condemnation proceedings.  Affirmed.

*W. C. Gresham* and *Peter McPherson,* for relator.

*Frank B. Malloy* and *O. R. Hopewell,* for respondents.

MAIN, J.—This case is here to review the judgment of the trial court in affirming a finding of necessity by the board of county commissioners in a highway condemnation.

The facts are these: The Okanogan-Douglas Inter-County Bridge Company, a corporation, has constructed a toll bridge across the Columbia river between Okanogan and Douglas counties.  This bridge

[1]Reported in 268 Pac. 603.

extends north and south. A few feet to the south of the south approach to the bridge, there is what is referred to as the old road, which extends in an easterly and westerly direction. In 1927, after the location of the bridge, but prior to its construction, Douglas county constructed a road some distance to the south of the old road. This road connects with the road to the east and also to the west. From the approach to the bridge to the 1927 road there is no highway. The present road, which is called the new road, is to be constructed between the old road and the 1927 road and its termini are practically the same as that of the 1927 road. The length of the new road is about twelve hundred feet. The approach to the bridge from the 1927 road would be down a grade of nine per cent, while from the new road it would be five per cent. McPherson Brothers Company own the land over which these roads pass, and it objects to the construction of this new road and claims that, in projecting it, the board of county commissioners was in fraudulent collusion with the bridge company.

[1] The finding of necessity made by the board of county commissioners cannot be disturbed in the absence of a showing of fraud. In *State ex rel. Flick v. Superior Court,* 144 Wash. 124, 257 Pac. 231, it was said:

"The taking of land for a public highway is taking it for a public use; and the necessity of so taking land, decided by public administrative authorities having jurisdiction such as is possessed by county commissioners in this state, is binding on the courts in the absence of some showing of actual fraud on the part of such authorities. The following of our decisions support this view: *State ex rel., Schroeder v. Superior Court,* 29 Wash. 1, 69 Pac. 366; *State ex rel., Murhard Estate Co. v. Superior Court,* 49 Wash. 392, 95 Pac. 488; *Tacoma v. Titlow,* 53 Wash. 217, 101 Pac. 827;

*Tacoma v. Brown,* 69 Wash. 538, 125 Pac. 940; *State ex rel. Havercamp v. Superior Court,* 101 Wash. 260, 172 Pac. 254.''

In the present case the record contains no evidence from which fraud can be found. This case differs from that of *State v. Superior Court,* 128 Wash. 79, 222 Pac. 208, both in law and in fact. In that case, the court was passing on a road selected by the state supervisor of highways, and the statute (Rem. Comp. Stat., § 6766) [P. C. § 6786], provided that the selection of lands by the supervisor of highways should, in the absence of ''bad faith, arbitrary, capricious or fraudulent action, be conclusive upon the court and judge before which the action is brought that said lands are necessary for the purpose sought.'' No similar statute, as applied to the board of county commissioners, has been called to our attention. Assuming, without deciding, that if the commissioners acted arbitrarily or capriciously their action would not be binding upon the court, the result would be the same, as there is no evidence showing either arbitrary or capricious conduct. The fact that the new road will have an approach to the bridge with a grade of five per cent as against nine per cent of the 1927 road, where there will be a large volume of traffic, much of it heavy hauling, is material in showing that the commissioners were acting for the best interests of the county and the travelling public. The facts in this case are different from those in *State v. Superior Court, supra,* where, from the facts there stated, the court was of the opinion that in law there had been arbitrary conduct.

[2] To the petition for condemnation filed in the superior court, McPherson Brothers presented an answer, to which no reply was filed. It is now claimed that the charges of bad faith and fraudulent collusion

charged in the answer are admitted and the county is bound thereby. This question appears to have been raised in this court for the first time. No answer was necessary, as the statute does not contemplate an answer in a proceeding of this character. Had the answer been objected to, the trial court undoubtedly would either have stricken or disregarded it. In *State ex rel. McPherson Brothers Co. v. Superior Court,* 108 Wash. 58, 182 Pac. 962, it was said:

"This court has held in a large number of cases that the statute with reference to cases of this character does not contemplate any answer upon the part of the landowner who is made a party to the action. *Seattle & M. R. Co. v. Murphine,* 4 Wash. 448, 30 Pac. 720; *State ex rel. Ami Co. v. Superior Court,* 42 Wash. 675, 85 Pac. 45; *Manhattan Bldg. Co. v. Seattle,* 52 Wash. 226, 100 Pac. 330; *Tacoma v. Wetherby,* 57 Wash. 295, 106 Pac. 903; *Tacoma Eastern R. Co. v. Smithgall,* 58 Wash. 445, 108 Pac. 1091. The landowner may, without any pleading, make any defense to such actions he sees fit. Since, therefore, no answer is necessary, there cannot be any error in sustaining the demurrer to the answers, or in refusing to allow the second amended answer to be filed."

[3] If it be assumed, however, even though the answer had no proper place in this case, that it was necessary that its allegations be denied in order to avoid the allegations being taken as true, the result would not be different. The case proceeded to trial and in one or two instances the trial court, over objection, permitted the introduction of evidence, because it was thought that it bore upon the charges in the answer. Not having raised the question in the superior court and the case having proceeded to trial on the merits, the failure to deny was waived by want of timely objection. *Fife v. Olson,* 5 Wash. 789, 32 Pac. 766; *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676. The reading of the record leaves the dis-

tinct impression, which was undoubtedly the fact, that during the trial in the superior court it was not understood that the charges in the answer of bad faith and fraud on the part of the commissioners were admitted.

The judgment will be affirmed.

FULLERTON, C. J., ASKREN, HOLCOMB, and BEALS, JJ., concur.