[No. 4478.   Decided November 8, 1902.]

MARGARET JORDAN, *Respondent,* v. CITY OF SEATTLE, *Appellant.*

TRIAL — WRONGFUL EXCLUSION OF EVIDENCE — HOW CURED.

Error cannot be predicated upon the exclusion of testimony, where the excluded matter is subsequently permitted to be put in evidence.

MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES — SCOPE OF CROSS-EXAMINATION.

In an action to recover damages for injuries to plaintiff's leg caused by a defective sidewalk, where she has testified on direct examination merely that it cost her $15 per month for medicine to swathe her leg, it was not error to refuse to allow cross-examination as to medical advice given by her physician.

SAME — KNOWLEDGE OF DEFECT.

The knowledge of plaintiff of a safer way around is immaterial in an action for injuries occasioned by a defective sidewalk, since a person has a right to travel upon the streets and walks of a city by the most direct course.

SAME — DISEASE AUGMENTING INJURY.

One whose negligence occasions a personal injury to another is liable for the proximate consequences of his act, although these consequences may be aggravated and augmented by reason of the delicate health or organic tendency to disease of the person injured.

TRIAL — EXCLUSION OF EVIDENCE — HARMLESS ERROR.

The exclusion of testimony as to what would be a reasonable fee for curing plaintiff's injuries was not prejudicial error, where no doctor's fees were claimed by plaintiff and none were incorporated in the judgment.

NEW TRIAL — REFUSAL TO GRANT — ABUSE OF DISCRETION.

The refusal of a new trial on the ground of newly discovered evidence in the shape of witnesses who had lived in the same house with plaintiff and knew her condition, was not an abuse of the court's discretion, where the case had been pending a couple of years before the trial, had been tried once before about a year prior to the second trial, and no effort had been made during all that time to procure the testimony of such witnesses.

EXCESSIVE DAMAGES.

A verdict for $6,090 for injuries to plaintiff's leg will not be disturbed as excessive, where there was testimony that ulcerations caused by the injury were permanent and that the plaintiff would probably be partially disabled for life.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Affirmed.

*Mitchell Gilliam* and *William Parmerlee,* for appellant.

*J. P. Ball* and *I. D. McCutcheon,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal from a judgment rendered in the superior court of King county on the 2d day of January, 1902, in favor of respondent and against appellant, in the sum of $6,090, for personal injuries alleged to have been sustained by the respondent by reason of a defective sidewalk. This case was heretofore before this court, and was decided September 5, 1901. 26 Wash. 61. In the former trial, on the challenge to plaintiff's evidence, the case was taken from the jury, and the cause dismissed, for the reason that the evidence showed contributory negligence on the part of the plaintiff. Upon appeal the case was reversed, this court holding that whether, under the circumstances as shown by the testimony, the plaintiff was guilty of contributory negligence was a question for the jury, and upon a new trial the result was as above indicated. It is contended by the appellant that the court erred in denying appellant's motion for a nonsuit; that the case presented by the record on this appeal is much stronger in favor of appellant than upon the former appeal. It is not necessary to again discuss the evidence in this case, for a comparison of the record on the present appeal with that on the prior appeal

convinces us that there was no substantial difference in the testimony offered by the plaintiff in the two different trials. Therefore the court did not err in denying appellant's motion for a nonsuit.

The second assignment is that the court erred in sustaining an objection to the following question: "I will ask you what physician, if any, has treated your leg since the time of the last trial." No page of the transcript is referred to by the appellant in its brief, but an examination of the record shows that the question upon which this assignment of error is based was answered by the plaintiff. On page 37, after some discussion between the attorneys on this proposition, the question was asked: "What physician, if any, besides the one you have mentioned, Dr. Bolink, has examined your leg with reference to giving you treatment for it; and from what physician, if any, have you received treatment for your leg, besides the one you mentioned?" Answer: Dr. Bolink has been treating it since the—" Question: "I say except Dr. Bolink." Mr. McCutcheon, counsel for the plaintiff, here intervened as follows: "The question involves this,—as to whether he is the only one." To which the witness answered: "Yes, sir, he is the only one that has treated it." Then the question by counsel for the defendant: "He is the only one that has treated your leg?" Answer: "Yes, sir." Question: "Or examined it for the purpose of treatment?" Answer: "Yes, sir." We think this excerpt from the testimony disposes of this assignment.

Again it is alleged that the court erred in sustaining an objection to the following question, on page 48 of the transcript: "Did not he (Dr. Bolink) also tell you at that time that the only way that you could cure that leg would be to go to the hospital and rest,—keep off your feet, and

then it would get well?" This was properly rejected
as not being proper cross-examination. It is stated by
counsel for the appellant in its brief that respondent had
testified in her direct examination of her visit to Dr.
Bolink for the purpose of getting a prescription, and a
part of the conversation had between her and the doctor.
Again the page of the record where such statement is found
is not referred to, but we have examined the testimony of
the plaintiff in chief carefully, and no such testimony
appears. In fact, she did not testify concerning any con-
versation with Dr. Bolink, or any other doctor. She
simply stated that it cost her $15 a month for medicine
to swathe her leg with. The testimony that is ascribed to
her by the counsel was drawn out by him on cross-exami-
nation.

The third assignment is that the court erred in sus-
taining the objection to the following question: "Mrs.
Jordan, you knew that there was a way from your house
by crossing,—by going up a short distance and crossing
over and walking over on the opposite side of the street;
that there was a walk there that was not broken up or in
any bad shape, but perfectly safe, didn't you?" This
question was properly rejected as not being material. Had
it been material, it would have been a defense to this
action, if this knowledge could have been traced to the
plaintiff. But this court has decided many times, in
common with all other courts, that a resident of a city
has a right to travel upon its streets and walks, and has
a right to travel the most direct course. This question
was really passed upon under the allegation of contributory
negligence made in the previous case.

There is also assigned as error the action of the court
in sustaining an objection to the following question asked

Dr. Newland, a witness in behalf of the appellant: "What, in your opinion, would be a reasonable fee for a physician for his services performed for the purpose of effecting a cure?" This error, if error it was under any circumstances, is without prejudice here, for no doc- tor's fees were claimed in the trial of the cause, and none were allowed by the court or are incorporated in the judgment.

On the question of whether the disease was permanent or not there was a conflict in the testimony which went to the jury. The 10th, 11th, and 12th instructions are as follows:

"If the jury believe from the evidence that plaintiff was injured through the negligence of defendant, and that, at the time of the injury, plaintiff was suffering from a varicose condition of the veins in the lower part of the left leg, and that such injury aggravated, augmented, and accelerated such varicose condition, and the suffering occa- sioned thereby, then your verdict will be for the plaintiff, unless you find that these conditions, not only might have arisen, but must have arisen, if the negligence of the de- fendant (if you find it negligent in the premises) had not intervened. If the original act of the defendant was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which were not wrongful, the rule is that the injury shall be referred to the wrongful cause,—pass by those which were innocent. If one is rea- sonably responsible for the act, he is chargeable for direct result of the act, however surprising. The rule is, if by reason of delicate condition of health the consequences of a negligent injury are more serious still, for those conse- quences the defendant is liable, although they are aggra- vated by imperfect bodily conditions.

"The duty of caring and of abstaining from the unlaw- ful injury of another applies to the sick, the weak, the

infirm, as fully as to the strong and healthy; and when the duty is violated the measure of damages is for the injury done, even though the injury might not have resulted but for the peculiar physical condition of the person injured, or may have been augmented thereby. The proximate cause of an injury is the efficient cause; the one that necessarily sets the other cause in motion.

"The public streets and sidewalks in a city are not constructed and maintained for the sole use of the healthy and robust people, but for the use of the infirm, the sick, and decrepit, as well. They may lawfully be traveled by every citizen, without regard for age, sex, or physical condition. If the city negligently permits such streets and sidewalks to remain out of repair, and any person (who is himself free from negligence) is injured, the city is liable for the injury. The city is chargeable with the knowledge that people of different bodily conditions travel its streets, and that among these are the weak, the decrepit, and those with organic predisposition to disease. It is reasonable to expect that in certain cases, if an injury happens to one of the latter class, full recovery therefrom may be retarded or prevented by such predisposition or tendency to disease. The city is chargeable with knowledge that all classes of persons, including both the healthy and diseased, together with such as are afflicted with tendency to disease, constantly travel its streets and sidewalks, and that such tendency to disease might greatly aggravate a bodily injury. Hence the city has reasonable grounds to expect that if one of that class, who are diseased, or afflicted with a tendency to disease, is injured by reason of a defect in the sidewalk or street, the disease might develop, and greatly retard and perhaps prevent a cure of it. Hence, if you find that the plaintiff in this action had a tendency to varicose veins in the lower part of her left leg, that she was injured as she alleges, that the defendant negligently permitted the defect in the sidewalk in controversy to remain in such condition as to bring about her injury, then and in that case I charge you that the negligence of the defendant was the proximate cause of

the whole injury, for which the plaintiff seeks to recover damages, unless you find that the plaintiff was guilty of such degree of negligence as contributed to her own injury."

Such instructions are assigned as error, but no cases are cited in support of this contention; and we think that the instructions are sustained by the great weight of, if not by universal, authority. In *Louisville & N. R. R. Co. v. Jones,* 83 Ala. 376 (3 South. 902), it was held that if the plaintiff's intestate, at the time she received the injuries complained of, was afflicted with an incurable disease which would have caused her death in the course of time, but that her death was hastened by the injuries received, the railroad would be liable. The same, in substance, was held in *Beauchamp v. Saginaw Mining Co.,* 50 Mich. 163 (15 N. W. 65, 45 Am. Rep. 30), citing *Baltimore & P. R. R. Co. v. Reaney,* 42 Md. 117, where the court said:

"But it is equally true that no wrong-doer ought to be allowed to apportion or qualify his own wrong; and that, as a loss has actuallly happened whilst his own wrongful act was in force and operation, he ought not to be permitted to set up as a defense, that there was a more immediate cause of the loss, if that cause was put into operation by his own wrongful act."

In *Tice v. Munn,* 49 N. Y. 621, it was held that one whose negligence has occasioned a personal injury to another is liable for the proximate consequences of his act, although these are aggravated by reason of the delicate health of the person injured; that the liability is not limited to such consequences of the injury as would have resulted if the person had been in good bodily health.

"If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are

not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent." Cooley, Torts (2d ed.), p. 76, par. 3.

It was held in *St. Louis, etc., Ry. Co. v. Ferguson* (Tex. Civ App.), 64 S. W. 797, that a railroad company was lialigence in allowing a car to collide with a train, though such collision would not have injured an ordinary passenger, and the company or its agent had no knowledge of the passenger's condition. In *Lapleine v. Steamship Co.*, 40 La. An. 661 (4 South. 875, 1 L. R. A. 378), it was held that the duty of care and of abstaining from the unlawful injury of another applies to the sick, the weak, the infirm, as fully as to the strong and healthy; and when the duty is violated the measure of damages is the injury done, even though such injury might not have resulted but for the peculiar physical condition of the person injured, or may have been aggravated thereby. In *Stewart v. Ripon,* 38 Wis. 584, there was some evidence that the diseased condition of the plaintiff's arm, following the accident, was aggravated by an organic scrofulous tendency on his part; and it was held that, if the diseased condition of plaintiff's arm would not have occurred but for his organic tendency to scrofula, still plaintiff's negligence must be regarded as the proximate cause of the whole injury. Many of the instructions complained of are taken from this case. This question was also practically passed upon by this court in *Clukey v. Seattle Electric Co.*, 27 Wash. 70 (67 Pac. 379). We think no error was committed by the instructions given.

Appellant also complained that the court erred in overruling its motion for a new trial on the ground of newly discovered evidence. The affidavits show that the affiants lived for several months after the date of the alleged accident in the same house with respondent; that during said

20-30 WASH.

time they saw the respondent daily, and she made no complaint of injury, was not sick or lame, or confined to her house.　　It is true, as appellant says, that this evidence would have had an important bearing upon the case if it had been known at the time of the trial.　　But we think, under all the circumstances of this case, considering that the case had been tried once before nearly a year prior to such trial, that the claim for damages had been presented to the city a year before the first trial, and that no effort had been made during all that time to inquire of persons living at the house where the plaintiff lives, the court did not abuse its discretion in overruling the motion upon that ground.

It is also earnestly contended that the verdict is excessive, and shows passion and prejudice on the part of the jury.　　It seems difficult to understand why jurors should entertain passion and prejudice against a city, and there is no proof in the record of the existence of such feeling, except it may be furnished by the size of the verdict.　　On its face, it seems to this court an excessive verdict, but sufficient testimony went to the jury that the ulcerations formed by reason of this accident were permanent, and that the plaintiff was partially disabled, and probably would be for life; and this, in connection with the fact that an exhibition of the affected parts of the plaintiff was made to the jury, and that they had a better opportunity to determine the malignity and baleful effect of the injury than this court, prevents us from reaching a conclusion that the verdict was prompted by passion or prejudice, and from interfering with the discretion of the jury in that regard.

· The judgment is affirmed.

REAVIS, C. J., and ANDERS, MOUNT and FULLERTON, JJ., concur.