[No. 5895.    Decided December 28, 1905.]

# B. K. SHORT, *Respondent*, v. THE CITY OF SPOKANE, *Appellant.*[1]

APPEAL AND ERROR—REVIEW—NEW TRIAL.  The granting of a new trial will not be reversed when the ground for granting the same does not appear from the record or the briefs.

MUNICIPAL CORPORATIONS—NEGLIGENCE—STREETS—FILING CLAIM. An ordinance requiring claims against a city to be presented to the city council within three days, where injuries are alleged to have been caused by the existence of snow or ice, does not apply where the gist of the negligence alleged was a broken plank with no support for the broken end, which defect had existed long prior to the injury, and the mention of snow and ice in the complaint was only incidental, and a condition of the accident, and not a primary or essential cause contributory to the accident.

SAME—INSTRUCTIONS—NOTICE.  It is misleading to instruct the jury that a city is liable for only such defects in sidewalks as are apparent or suggested by appearance or disclosed by a test in the nature of ordinary use; but the jury should be instructed that a city is chargeable with notice of a dangerous opening in a sidewalk if it had existed such a length of time that the city might have discovered it by exercising ordinary care.

SAME—DEGREE OF CARE.  In an action for injuries sustained upon a sidewalk affected by snow and ice, it is proper to instruct the jury to the effect that the city's duty to keep sidewalks in repair may be measured or affected by weather conditions.

SAME—DAMAGES—AGGRAVATION OF DISEASE.  In an action for personal injuries sustained through a defective sidewalk, an instruction is proper which declares that the city is chargeable with notice of the fact that people of different bodily conditions have a right to travel thereon, and the city would be rendered liable for the aggravation of disease or bodily defects resulting from injuries caused by the city's negligence.

SAME—CONTRIBUTORY NEGLIGENCE.  It is proper to instruct that the city would be liable for its negligence which was the proximate cause of the injury although the plaintiff may have been guilty of contributory negligence which was only a remote cause or condition of the accident.

1Reported in 83 Pac. 183.

Appeal from an order of the superior court for Spokane county, Belt, J., entered December 28, 1904, setting aside the verdict of a jury rendered in favor of the defendant, and granting a new trial on motion of the plaintiff, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*J. M. Geraghty, Alex M. Winston* and *F. M. Dudley (Charles P. Lund,* of counsel), for appellant.

*Ed. B. Powell* and *Barnes & Latimer,* for respondent.

DUNBAR, J.—This action was brought by plaintiff to recover damages for alleged personal injuries on account of an alleged defective condition of a sidewalk in the city of Spokane. The complaint contained the ordinary allegations of negligence on the part of the city. Damages were asked in the sum of $5,000. The defendant denied the material allegations of the complaint, and pleaded contributory negligence on the part of the plaintiff, and that the claim of plaintiff was not filed within the time required by the city charter. By replication the affirmative defenses were denied. The case went to trial before a jury, resulting in a verdict for defendant. The plaintiff filed a motion for a new trial, which was granted by the court. From this order the defendant has appealed.

The errors alleged are, that the court erred in refusing to sustain defendant's motion for a nonsuit at the close of plaintiff's case, in refusing to sustain defendant's motion made at the close of the case to direct a verdict for defendant, in setting aside the verdict of the jury for defendant, and in granting a new trial. This judgment would probably have to be affirmed in any event, for the reason that it does not appear from the record, nor indeed from the briefs of the respective parties, upon what ground the new trial was granted. It might have been because the court had concluded that error was committed in giving or refusing to give in-

structions, or it might have been because the court concluded that the verdict was not justified by the weight of the testimony. But in view of the possibility of a new trial, we think it advisable to pass upon some of the errors which are claimed by the respondent to have been committed by the court in the giving and refusing to give instructions, and upon the contention of the appellant that in any event the new trial should not have been granted for the reason that the defendant's motion for a nonsuit, at the close of the plaintiff's case and at the close of the whole case, should have been granted by the court. If this contention is true, then the alleged errors in regard to the instructions would be immaterial. But from an examination of the testimony, we are satisfied that the motion for a nonsuit was properly denied. Section 220 of art. 14, of the charter of the city of Spokane, among other things, provides that:

"All claims for damages for personal injuries or for injuries to property alleged to have been sustained by reason of the negligence of the city, or any officer, agent, servant or employee thereof, must be presented to the city council within one month after any such injuries shall have been received in the manner hereinafter in this sction provided; *Provided,* however, that in addition to the filing of the claim as hereinabove provided, where such injuries are alleged to have been caused by the existence of snow or ice, on a street, highway, sidewalk, bridge or crosswalk, notice of such injury, in writing, signed by the person injured, or the owner of the property injured, or by some one on his or her behalf, must be filed with the city clerk within three days after said injury shall have been sustained."

From an investigation of the complaint in this case, we fail to perceive that there is any allegation that the injury was caused by the existence of snow or ice, but the mention of snow and ice in the complaint was incidental, the gist of the negligence alleged being that a plank in the sidewalk was broken in two, a portion of said plank falling through to the ground, and the remaining·end of the plank, for several

feet from the break, was sunk below the boards at the sides of it; that there was no support for the broken end of the plank, and said plank would bend easily under slight pressure; that by reason of such condition, said plank and walk were dangerous and defective, which condition had existed for a long time prior to the date of the injury to this plaintiff, and was known, and by reasonable care should have been known, to said city and the officials thereof, but the said city negligently failed to fix said walk and plank; and that, while passing along said walk, the plaintiff stepped upon said broken plank and fell, whereby the injury occurred—describing the injury. Neither can it be maintained from the proof that the snow or ice (there being a couple of inches of snow on the sidewalk) was the cause of the injury. It was simply a condition of the accident; but the broken plank was the primary and essential cause contributing to the accident. This is shown by the testimony of the plaintiff and his witnesses who testified on that subject. We have omitted to mention that this claim was not filed with the city council within the three days required by the proviso in the ordinance quoted above, but was filed within thirty days from the time the accident occurred; and from the pleadings and testimony, we conclude that the plaintiff was not estopped from prosecuting his case by not filing his claim within the three days.

The court gave the following instruction, which is also claimed as error by the respondent:

"In the absence of actual notice, municipalities are liable only for such defects in sidewalks as are apparent or suggested by appearance or disclosed by a test in the nature of the ordinary use of such walks."

If the court meant by this language that no higher duty rested upon the guardians of the city than to take such notice of the condition of the walks as would be taken by any person walking over the same, the instruction was too limited, for it leaves out of account the duty of inspection and supervision with which the officers of the municipality are charged.

The court did instruct lucidly in relation to the care generally which the city should exercise, but seems to have defined in the instruction which we have quoted its duty in the absence of actual notice, which might have been misleading to the jury. The respondent proposed on that question the following instruction, which the court refused to give:

"You are instructed that a city is chargeable with notice of a dangerous opening, hole, or defect in a public sidewalk or street, although actual knowledge may not have been brought home to it or any official of it, if the evidence shows that such a state has existed for sufficient length of time so that the city, by exercising ordinary care might have learned of its condition, and not to know such fact would be negligence on the part of the city."

This is a correct and clear statement of the law applicable to the case being tried, and should have been given. He also proposed this further instruction:

"This duty to keep a sidewalk in such repair that it is reasonably safe for ordinary travel extends throughout the entire year and during weather conditions such as are customary, and can reasonably be expected. If the walk should be in such shape that it would be safe in the summer during good weather, but would be dangerous during stormy weather in the winter, if the city had notice of such defects it would be guilty of negligence in allowing such walks to remain defective during the bad weather."

It would seem that, under the circumstances of this case, this instruction was pertinent and unobjectionable.

The respondent also asked the court to give the following instruction, which the court refused to give:

"The duty of caring and of abstaining from the unlawful injury of another applies to the sick, the weak, the infirm, as fully as to the strong and healthy; and when the duty is violated the measure of damages is for the injury done, even though the injury might not have resulted but for the peculiar physical condition of the person injured, or may have been augmented thereby. The proximate cause of an injury is the efficient cause. The public streets and sidewalks in a city are not constructed and maintained for the

sole use of the healthy and robust people, but for the use of the infirm, the sick and decrepit as well. They may be lawfully traveled by every sitizen, without regard to age, sex, or physical condition. If the city negligently permit such streets and sidewalks to remain out of repair, and any person (who is himself free from negligence) is injured, the city is liable for the injury. The city is chargeable with the knowledge that people of different bodily conditions travel its streets, and that among these are the weak, the decrepit and those with organic predisposition to disease. The city is chargeable with knowledge that all classes of persons, including both the healthy and diseased and lame constantly travel its streets and sidewalks, and that such disease or lameness might greatly aggravate a bodily injury. Hence the city has reasonable ground to expect that if one of that class, who are diseased or lame, is injured by reason of a defect in the sidewalk or street, the disease or lameness might develop and retard or prevent a cure."

This instruction should have been given, under the rule announced in *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743.

The court also refused the following instruction asked by the respondent:

"You are instructed that, if you find that the defendant was guilty of negligence, which negligence was the proximate cause of the injury, the plaintiff will be entitled to recover even though plaintiff may have been guilty of negligence, if the negligence of the plaintiff was only a remote cause or a mere condition of the accident."

This instruction was approved in *Redford v. Spokane St. R. Co.,* 15 Wash. 419, 46 Pac. 650.

The judgment is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, ROOT, and CROW JJ., concur.

FULLERTON, J. (concurring)—I concur in the result, but do not wish to be understood as concurring in the holding that it was error to refuse to give the requested instructions. The plaintiff is not appealing, and whether or not the court refused to give his requested instructions is not here for review.