[No. 10508. Department One. February 10, 1913.]

THOMAS ZOLAWENSKI *et al., Respondents,* v. THE CITY OF ABERDEEN, *Appellant.*[1]

BRIDGES—INJURIES—DUTY TO REPAIR—MUNICIPAL CORPORATIONS—STREETS. A city owes the duty to keep its bridge in a reasonably safe condition for travel, and is liable to a traveler who is injured without neglect on her part by reason of an unsafe condition of which the city, in the exercise of reasonable care, had, or ought to have had, knowledge.

HUSBAND AND WIFE—INJURIES TO WIFE—DAMAGES—LOSS OF SERVICES. In an action by a husband and wife for personal injuries sustained by the wife, the loss by the husband of the wife's services is a proper element of damages.

TRIAL—INSTRUCTIONS—REQUESTS. Want of more specific instructions on a subject cannot be objected to in the absence of a request therefor.

DAMAGES—AGGRAVATION OF INFIRMITY—TRIAL—ISSUES AND PROOF —INSTRUCTIONS. Although the plaintiffs, in a personal injury case, contended that the injured party was sound in body prior to the injury, the court may, on evidence tending to show a bodily infirmity, frame its own instructions so as to permit the jury to award damages for aggravation of a bodily infirmity.

TRIAL—INSTRUCTIONS—REQUEST. Error cannot be predicated on failure to instruct upon the subject of contributory negligence, in the absence of any request therefor.

[1]Reported in 129 Pac. 1090.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $500 damages from a fall is supported by evidence that the plaintiff did ordinary housework prior to the injury, besides milking cows and caring for swine, and afterwards was completely incapacitated and suffered a prolapsus of the uterus.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered December 4, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian through a defective bridge. Affirmed.[1]

*A. E. Graham,* for appellant.

*Frank Beam,* for respondents.

Gose, J.—This is an action to recover for personal injuries sustained by the plaintiff wife. The gravamen of the charge is, that a certain bridge in the defendant city formed a part of a public street; that it was used by pedestrians; that there was a hole in the bridge, which had existed for a period of five or six months before the date of the alleged injury; that the plaintiff wife stepped into the hole, fell, and "that she was thereby bruised about the legs and body, and that the skin was peeled and scraped from her leg, and that by being thrown to the floor of said bridge, prolapsus uteri was caused and brought about; that is, her genital and urinary organs were displaced and dislodged." The answer joined issue upon the alleged defect in the bridge and the injury, and alleged affirmatively that, if the plaintiff wife received the injury, it was caused by her own negligence, and that if the defect in the bridge existed "which defendant denies," she knew of its existence and assumed the risk. There was a verdict and judgment for the plaintiff for $500. The city prosecutes the appeal.

The court instructed, that it was the duty of the city to keep the bridge in a reasonably safe condition for the traveling public; that if it permitted it to become unsafe or dangerous with knowledge of its condition, or when, in the exer-

[1]Rehearing *En Banc* ordered.

cise of reasonable care and diligence, it ought to have known its condition, and that by reason of its unsafe condition the respondent wife, without neglect on her part, was injured as alleged in the complaint, the respondents were entitled to recover reasonable compensation for the injury. Error is assigned to this instruction. The instruction correctly states the law. *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847; *Lorence v. Ellensburgh,* 13 Wash. 341, 43 Pac. 20, 52 Am. St. 42; *Short v. Spokane,* 41 Wash. 257, 83 Pac. 183.

The court instructed:

"In estimating the damage to plaintiffs, if you find for them, you should in so far as is shown by the evidence take into consideration the physical pain and mental suffering of the plaintiff Magdalena Zolawenski, the temporary and permanent injuries if any suffered by her [and if you find plaintiffs are husband and wife, you will also take into consideration what loss the husband has or will sustain by reason of the inability of the wife to perform the duties of a wife, in so far as the evidence shows such loss]."

Error is assigned to that portion of the instruction in brackets. The loss of the wife's services is a proper element of damages. *Hawkins v. Front St. Cable R. Co.,* 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808. If the appellant desired a more specific instruction on the question of the loss of the wife's services, it should have requested it, and having failed to do so, it is not in a position to assign error. *Brown v. Porter,* 7 Wash. 327, 34 Pac. 1105; *Dow v. Dempsey,* 21 Wash. 86, 57 Pac. 355.

The court instructed that, if the jury should find that the respondents were entitled to recover by reason of the negligence of the appellant, and should be of the "opinion" that the wife "was at the time of the injury infirm in body, and that such infirmity was aggravated by the injury," they should "estimate" from the evidence the amount that should be allowed "for such aggravation." The instruction is a correct

statement of the law. *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743; *Short v. Spokane, supra.* The criticism is that the respondents contended that the wife was sound in body prior to the injury, and that they were not entitled to an instruction based upon the theory that an infirmity may have antedated the injury. The rule, however, is that the court may frame its instructions, upon its own motion or at the suggestion of counsel, to cover the issues as they are actually made upon the trial of the case.

There was no error in denying the appellant's requested instructions. In so far as they correctly stated the law, they were, in substance, embodied in the instructions given by the court.

Error is assigned in the failure of the court of its own motion to instruct on contributory negligence and assumed risk. This was not error for two reasons: (1) although pleaded, there was no evidence to support either affirmative defense; the appellant's contention was that there was no hole in the bridge into which the respondent could have stepped. (2) If the appellant conceive that there was such evidence, it should have requested instructions adapted to its view of the case. Failing to do so, it cannot make a claim of error. *Wilson v. Waldron,* 12 Wash. 149, 40 Pac. 740; *Tacoma v. Wetherby,* 57 Wash. 295, 106 Pac. 903.

The last point pressed is that the evidence is insufficient to support the verdict. It suffices to say that the evidence tends to show that the respondent wife was apparently in sound health before she met the injury; that she was doing the ordinary work of a housewife, and, in addition, milking two cows and caring for some swine, and that after the injury she was completely incapacitated for doing her ordinary household work. The physicians testified that, at the time of the trial, she had a "complete prolapsus of the uterus." It is true that they said that they found an ulcerated condition "at the neck of the cervix" that antedated

the injury, but some of them said that the prolapsus may have been produced or aggravated by a fall.

It is insisted that the case is a counterpart of *Hoyt v. Independent Asphalt Paving Co.*, 52 Wash. 672, 101 Pac. 367. In that case the late Chief Justice Dunbar pointed out that the family physician testified that the condition which was the subject of inquiry "could not have been caused" by the fall. The jury resolved the controverted facts against the appellant upon substantial evidence, and its conclusion is controlling.

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.