[No. 10369.  Department Two.  February 21, 1913.]

BLANCHE FRICK *et al.*, *Appellants*, v. WASHINGTON WATER
POWER COMPANY, *Respondent*.[1]

DAMAGES—PERSONAL INJURIES—AGGRAVATION OF CONDITIONS—IS-
SUES—INSTRUCTIONS.  In an action for personal injuries in which
the plaintiff alleged, and her evidence tended to prove, that she "was
a strong, able-bodied woman prior to the accident," which caused ap-
pendicitis and a retroverted womb, and necessitated surgical oper-
ations, and in which the sole defense was that, prior to the acci-
dent, she had appendicitis and retroverted womb, which were in no
manner caused or affected by the accident, plaintiff was not entitled
to an instruction that she could recover for any aggravation of a
diseased condition known to her prior to the accident, since it was
outside of the issues made by the pleadings and proof.

Appeal by plaintiff from a judgment of the superior court
for Spokane county, Huneke, J., entered February 6, 1912,
upon the verdict of a jury rendered in favor of the plaintiff
for $1,000, for personal injuries sustained by a passenger
when a street car left the track.  Affirmed.[2]

*Graves, Kizer & Graves*, for appellants.

*Post, Avery & Higgins*, for respondent.

MOUNT, J.—The plaintiffs brought this action to recover
damages from the defendant, on account of alleged personal
injuries sustained by Mrs. Frick when a passenger upon one
of defendant's street cars.  The complaint alleged that, about
midnight on the evening of November 24, 1910, while the
plaintiffs were passengers upon one of defendant's cars, said
car was so negligently operated that it left the track and
struck the sidewalk curb with such force that the plaintiff
Mrs. Frick was violently hurled against the seat in front of
her, striking her abdomen against the upright back of the
seat, inflicting permanent internal injuries upon her, so that

[1]Reported in 130 Pac. 98.

[2]Rehearing *En Banc* ordered.

her appendix became inflamed and diseased and she suffered retroversion of the womb to such an extent that a surgical operation became necessary and was undergone for the removal of the appendix and for the restoration of the womb to its proper position, and as a result thereof said plaintiff was rendered sterile, and by reason thereof suffered and continued to suffer great pain and anguish; that, "prior to said accident, said plaintiff was a strong, able-bodied woman in good health." These allegations were all denied by the answer.

When the case came on for trial to the court and a jury, the defendant conceded, "that, if the plaintiff Blanche Frick received the specific injuries alleged in the complaint at the time and place there stated, that the defendant would be liable for reasonable damages on account thereof, but defendant denies that she received said injuries or any of them." The negligence of the defendant was thereby conceded; so that the only question left for the jury to determine was whether the plaintiff was injured at the time of the accident, and the extent of the injuries and the amount of damages. The case was tried out upon that question. The jury returned a verdict in favor of the plaintiffs for $1,000. The plaintiffs thereafter moved the court for a new trial for errors of law occurring in the trial. This motion was denied and the judgment entered upon the verdict. The plaintiffs have appealed.

It is argued that the court erred in refusing to give certain instructions requested by the plaintiffs, and in giving certain other instructions. Defendant has moved to dismiss the appeal, for the reason that no proper exceptions were taken to these instructions. We think the exceptions taken were sufficient under the rule in *Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202.

The plaintiffs requested the court to give the following instructions:

"If the jury believe from the evidence, that plaintiff Mrs. Frick was injured through the negligence of the defendant, and if the jury further concludes from the evidence that at

the time of such injury plaintiff Mrs. Frick was in a delicate condition of health, or possessed an organic predisposition to disease or injury, and that such injury augmented, aggravated and accelerated such diseased condition or ill-health, then your verdict will be for the plaintiff, unless you find that these conditions not only might have arisen even though the defendant had not been negligent, should you find it negligent in the premises. If one is reasonably responsible for the act, he is chargeable for the direct results of the act, however surprising. The rule is, if by reason of the delicate condition of health the consequences of a negligent act are more serious, still, for those consequences the defendant is liable, although they are aggravated by imperfect bodily conditions. The duty of due care and of abstaining from the unlawful injury of another, applies to the sick, to the physically frail or weak, and to the infirm, as fully as to the strong and healthy; and when the duty is violated, the measure of damages is for the injury done, even though the injury might not have resulted but for the peculiar physical condition of the person injured, or may have been augmented thereby. The proximate cause of an injury is the efficient cause; the one that necessarily sets the other cause in motion. The street cars of the defendant company are not operated for the sole use of healthy and robust people, but are for the use of the sick, the infirm and the decrepit as well. They may lawfully be patronized by every person, without regard to age, sex or physical condition, and the defendant company is chargeable with the knowledge that people of different bodily conditions travel on its cars, and that among these are the weak, the decrepit and those with organic predisposition to disease. It is reasonable to expect that in certain cases, if an injury happens to one of the latter class, full recovery therefrom may be retarded or prevented by such predisposition or tendency to disease, and that such tendency to disease or predisposition may greatly aggravate a bodily injury. Thus, a street railway company has reasonable grounds to expect that if one of that class who are diseased or afflicted with a tendency to disease, is injured by reason of the negligent operation of its cars, the disease might develop and result in far more serious consequences to the injured person than would have resulted to a robust person. Hence, if you find that the plaintiff Mrs. Frick had a tendency to appendicitis or that her fallopian tubes were affected by

disease and that she was injured as she alleges, and that such
injury aggravated, augmented and accelerated her diseased
physical condition, resulting in the necessity for the opera-
tions afterwards performed and the suffering occasioned
thereby, then and in that case I charge you that the negli-
gence of the defendant was the proximate cause of the injury
for which plaintiff seeks to recover damages."

The court refused to give these requested instructions, but
gave the following:

"From this statement you will see that the ultimate questions
of fact for you to determine are therefore, first, whether or
not the injuries of which Mrs. Frick complains, namely a dis-
eased appendix and a retroverted womb were caused by the
accident in question; and if you find that they were, then,
second, what sum will fairly compensate her for such injuries.
.  .  .  It is charged in the complaint in this case that
one of the results of the accident referred to in the complaint
so far as Mrs. Frick is concerned is the disease of appendicitis.
It is claimed by the defendant that Mrs. Frick had appendi-
citis before this accident. It is alleged in the complaint that
before the accident plaintiff was in all respects a strong and
healthy woman. It is not alleged in the complaint that plain-
tiff had a chronic or catarrhal appendicitis, and that the ac-
cident aggravated the disease and produced a condition of
acute appendicitis necessitating an operation. I charge
you that if you find from the evidence that plaintiff Mrs. Frick
had and suffered from a diseased appendix before and down
to the accident, that then plaintiffs cannot recover in this ac-
tion on account of their claim for appendicitis or the expense
of the surgical operation therefor and you shall not allow the
plaintiffs any damages on account of the claim of appendicitis
or the surgical operation for appendicitis. It is charged in
the complaint that one of the results of the accident referred
to in the complaint was retroversion of the womb. It is
claimed by the defendant that retroversion of the womb could
not be caused by this accident; that if the plaintiff Mrs. Frick
had retroversion of the womb she had it before this accident.
If you find that Mrs. Frick had retroversion of the womb prior
to the accident and that she knew thereof, then plaintiffs can-
not recover in this action on account of their claim for a
retroverted womb or the expense of the surgical operation

therefor, nor under the circumstances could plaintiffs recover if the accident aggravated the condition, since, if Mrs. Frick knew that she had a retroverted womb at and prior to the time of the accident then it was her duty to so allege and not allege that she was a perfectly sound and healthy woman. If, however, you find that Mrs. Frick had a retroverted womb at and prior to the time of the accident and she was ignorant thereof then before plaintiffs would be entitled to damages on that account they must show that the condition of retroversion was aggravated by the accident. If you find that she had a retroverted womb and that it was not aggravated by the accident, then plaintiffs will not be entitled to any damages on account of the retroverted womb or any expense attending and resulting from the operation of restoring it to its proper position. On the other hand, if she had a retroverted womb at and prior to the time of the accident and she was ignorant thereof and the accident aggravated the condition, causing her pain and distress, then plaintiffs would be entitled to damages for such aggravation. You must so far as you can separate the results of the infirmities of Mrs. Frick, if any, which existed before the accident from the results of the accident. It is only the accident and the natural results of the accident that you are to consider if you arrive at the question of damages in this case. If you find the fact to be that Mrs. Frick had retroversion of the womb before the accident and the same was aggravated by the accident, in considering the question of damages you are only to consider the aggravation and not the natural and probable consequences of the retroversion of the womb, which existed before the accident."

Substantially the same instructions were given with reference to the removal of the fallopian tubes. The court then instructed the jury:

"If in accordance with the instructions I have already given you you find for the plaintiffs, then I instruct you that plaintiff is entitled to recover for all loss of time, for all physical injuries and for all physical suffering that she has endured as the direct and proximate result of any injuries received by her as a result of such accident, and likewise, if you find from a preponderance of the evidence in the case that any injuries received by her are permanent in their nature, she is entitled to recover therefor. In addition thereto the plaintiffs

are entitled to recover for any reasonable sums which they have necessarily expended for hospital bills, for nurses and surgeons in endeavoring to be cured of any hurts and injuries she received on account of said accident, and in this connection I instruct you that these items include any sums that plaintiffs may have incurred liability for, whether they have actually paid the same or not. You must bear in mind that if you find a verdict for the plaintiffs that your verdict must be compensatory, i. e., it must not exceed such amount as will fairly compensate plaintiffs in money for the injuries sustained."

The requested instructions first above quoted were taken substantially from the case of *Jordan v. Seattle*, 30 Wash. 298, 70 Pac. 743, and afterwards approved by this court in *Short v. Spokane*, 41 Wash. 257, 83 Pac. 183. While they correctly state the law as applied to those cases, we are satisfied they are not applicable to this case, because here the issue was clearly presented by the pleading whether Mrs. Frick was a sound and healthy person prior to the injury, and the case was tried out to the jury upon that one issue. The plaintiffs sought to show by their evidence that Mrs. Frick prior to the accident was sound physically, while the sole defense was that she had a diseased appendix, diseased fallopian tubes, and a retroverted womb prior to the injury, and that her suffering subsequent to the injury was the natural and necessary result of such diseased condition, and that her injury, if any was received, was in no wise responsible for her pain and suffering or for the operation which was afterwards performed upon her. The issue was simple and well defined. While the rule is that a diseased person may recover damages for an injury which aggravates or accelerates a diseased condition, there must be some issue upon which that question may be tried. The issue here was that the plaintiff Mrs. Frick was "a strong, able-bodied woman in good health," and it was claimed all through the trial until these instructions were requested, that her affliction was caused solely by the accident. The object of making this issue, of course, was to magnify the damages. It does not seem just that the plaintiffs may

adopt one theory in a complaint which is required to state the facts, and try the case upon that theory until it comes to instructing the jury, and then require the court to instruct the jury upon some other theory. This is precisely the position the appellants are assuming in the case at this time. The issues which are made by the complaint and which are tried to the jury are issues upon which the court must frame his instructions, and if instructions are requested which state the law upon some other issues, the court is not bound to give them, for the court is required to confine the instructions to the scope of the allegations and proof. *Wilkinson v. Detroit Steel & Spring Works*, 73 Mich. 405, 41 N. W. 490. This Michigan case is criticised by the appellants, but we think it states a plain rule of common honesty, and is applicable here where the statute requires that the "complaint shall contain a plain and concise statement of the facts constituting the cause of action." Rem. & Bal. Code, § 258.

Appellants insist that the allegation in the complaint that Mrs. Frick was a strong and healthy woman prior to the accident is an immaterial allegation, because she is entitled to the same amount of damages whether she was a strong and healthy woman or diseased and predisposed to weakness and infirmity; citing 13 Cyc. 31. She was, no doubt, entitled to recover all the damages which she suffered, but damages accomplishing the same result to a person in perfect health would certainly be greater than to a diseased person. In this case the plaintiffs were standing upon the allegations of perfect health, and in all fairness should abide the result upon the issue as made by them. The instructions given were based upon the real issue made by both the pleadings and the proof. The jury found for the plaintiffs, necessarily finding either that Mrs. Frick was in perfect health before the accident or that she was diseased and did not know it. In the latter event, the jury made allowance for all damages on account of accelerated disease, as they were instructed they might do. We

think the requested instructions were properly refused, and that the ones given stated the law as applied to the issues in this case, and in our opinion were all that the issues justified.

The judgment is therefore affirmed.

FULLERTON, MORRIS, ELLIS, and MAIN, JJ., concur.