[No. 10369.  *En Banc.*  October 10, 1913.]

BLANCHE FRICK *et al.*, *Appellants*, v. WASHINGTON WATER POWER COMPANY, ·*Respondent*.[1]

DAMAGES—PERSONAL INJURIES—AGGRAVATION OF CONDITIONS—ISSUES, PLEADING AND PROOF. In an action for personal injuries, the plaintiff may recover for an aggravated condition of a previously known disease, although she alleged and testified that she was in perfect health at the time of the injury; since the claim for the greater amount includes the lesser, and the previous condition was matter of defense, and *pro tanto* only (overruling on rehearing Id., 72 Wash. 214).

Appeal by plaintiff from a judgment of the superior court for Spokane county, Huneke, J., entered February 6, 1912, upon the verdict of a jury rendered in favor of the plaintiff for $1,000, for personal injuries sustained by a passenger when a street car left the track. Reversed.

*Graves, Kizer & Graves*, for appellants, contended that it was not necessary to allege the aggravation of a previous diseased condition. 13 Cyc. 175, 176; 5 Ency. Plead. & Prac., 717, 718; 1 Sedgwick, Damages (8th ed.), §§ 52, 160; *Jordan v. Seattle*, 30 Wash. 298, 70 Pac. 743; *Short v. Spokane*, 41 Wash. 257, 83 Pac. 183; *Robinson v. Marino*, 3 Wash. 434, 28 Pac. 752, 28 Am. St. 50; *Campbell v. Los Angeles Traction Co.*, 137 Cal. 565, 70 Pac. 624; *Murphy v. Southern Pac. R. Co.*, 31 Nev. 120, 101 Pac. 322; *Allison v. C. & N. W. R. Co.*, 42 Iowa 274; *Driess v. Frederick*, 73

[1]Reported in 135 Pac. 470.

Tex. 460, 11 S. W. 493; *Ohio & M. R. Co. v. Hecht,* 115 Ind. 443, 17 N. E. 297; *Tice v. Munn,* 94 N. Y. 621; *Terre Haute & I. R. Co. v. Buck,* 96 Ind. 346, 49 Am. Rep. 168; *McNamara v. Clintonville,* 62 Wis. 207, 22 N. W. 472, 51 Am. Rep. 722; *Stewart v. Ripon,* 38 Wis. 584; *Johnson v. McKee,* 27 Mich. 471; *Elliott v. Van Buren,* 33 Mich. 49, 20 Am. Rep. 668; *Heirn v. M'Caughan,* 32 Miss. 17, 66 Am. Dec. 588; *Croco v. Oregon Short Line R. Co.,* 18 Utah 311, 54 Pac. 985, 44 L. R. A. 285.

*Post, Avery & Higgins,* for respondent, cited, *inter alia,* *Wilkinson v. Detroit Steel & Spring Works,* 73 Mich. 405, 41 N. W. 490; *Thurstin v. Luce,* 61 Mich. 292, 28 N. W. 103; *Canfield v. Chicago & W. M. R. Co.,* 78 Mich. 356, 44 N. W. 385.

ON REHEARING.

MOUNT, J.—The original opinion in this case will be found in 72 Wash. 214, 130 Pac. 98, where the case is fully stated. When the original opinion was written, the writer overlooked the opinion in *Zolawenski v. Aberdeen,* 72 Wash. 95, 129 Pac. 1090, where the principal point was decided opposite to our conclusion in this case. Our attention was called to this fact; whereupon a rehearing was granted in both cases, and they were accordingly heard by the court sitting *en banc.* Upon this rehearing and further consideration, we have concluded that we went too far in this case when we announced the rule that a plaintiff in a personal injury case must abide the result of an allegation of perfect health, and failing to establish that fact, will not be permitted to recover for an aggravated condition of a previously known infirmity, which aggravated condition is caused by the negligence of the defendant.

This rule was there based upon the idea that the plaintiff, knowing her previous condition, should have alleged it, and claimed damages only for the aggravation. While there is substantial justice in this rule as there announced, we have now concluded that it is not the better rule, because it is a

rule of almost universal application that a claim for a greater amount necessarily includes the lesser. For example: In an action upon a promissory note, or any other contract, where it is alleged that the whole amount thereof is due, the plaintiff will be permitted to recover the amount actually due, notwithstanding he willfully alleges and testifies that the whole thereof is due, when in truth only a small part is due. The defense of payment in such cases is an affirmative defense, and must be proved as such. No sufficient reason has been advanced why the same rule shall not apply in personal injury cases. The plaintiff alleges negligence of the defendant, and resulting injury; that he was in perfect health before the injury; that all his damage flowed naturally from the injury. He testifies to these facts, knowing that he was previously afflicted with diseases. The fact that he was previously afflicted was a defense *pro tanto* only, and not a complete defense. For it is a well settled rule that he is entitled to recovery for the injuries actually sustained, whether he is well or diseased at the time of the injury. *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743, and cases there cited.

"But the plaintiff is not to be deprived of the case her pleadings and proofs made merely because she alleged a stronger case than she was able to prove." *Walters v. Seattle, Renton & Southern R. Co.,* 48 Wash. 233, 93 Pac. 419, 24 L. R. A. (N. S.) 788, and cases there cited.

We are of the opinion, therefore, that the trial court erroneously instructed the jury to the effect that there could be no recovery for an aggravated condition caused by the injury, if the plaintiff was diseased prior to the action and knew that fact. The court, on the other hand, should have instructed the jury, in substance that, if they found that the plaintiff was injured through the negligence of the defendant, and that the plaintiff was at that time suffering from a diseased condition, and such injury aggravated and accelerated such condition, then the plaintiff is entitled to recover all damages which actually flowed from the injury, except

such as must have followed if the accident had not intervened.

The judgment is therefore reversed, and the cause remanded for a new trial.

CROW, C. J., GOSE, MAIN, PARKER, ELLIS, and MORRIS, JJ., concur.