[No. 11327.   Department One.   January 23, 1914.]

MARY BRITZ *et al., Respondents*, v. A. N. HOULEHAN,
*Appellant.*[1]

EXPLOSIVES—INJURIES TO THIRD PERSONS—NEGLIGENCE—COMPLAINT
—SUFFICIENCY. A complaint alleging the setting off of a blast, without notice, near plaintiff's residence in a populous city, causing a terrific explosion throwing dust into plaintiff's eyes, states a cause of action for negligence, although the acts are not characterized as negligent.

PLEADING—ISSUES AND PROOF—VARIANCE. In an action for negligently setting off a blast in a brick yard and throwing brick dust into plaintiff's eyes, it is not a fatal variance that it was some other foreign substance, thrown by the blast, that injured plaintiff's eyes.

APPEAL—REVIEW—VERDICT. Where the evidence is conflicting and sustains the verdict, and the trial court refused to set it aside, it cannot be disturbed on appeal.

DAMAGES—PERSONAL INJURIES—DEFENSES—AGGRAVATION OF DISEASED CONDITION—INSTRUCTIONS. In an action for personal injuries, in which there was an affirmative defense to the effect that plaintiff's present condition was due to a previous diseased condition, it is not error to instruct to the effect that a previous diseased condition would only go to the amount of the recovery and that defendant would be liable only for aggravation thereof, if any, and if the jury find for the plaintiff, the defense pleaded would not be a separate affirmative defense but could only be considered in determining the amount of the recovery.

EXPLOSIVES—BLASTING—INJURIES TO THIRD PERSONS—NEGLIGENCE—EVIDENCE—PRIMA FACIE CASE. In an action for setting off a blast in a populous city, near plaintiff's residence, evidence that the blast was set off without notice and injured the plaintiff establishes a *prima facie* case, casting upon the defendant the burden of showing the exercise of due care.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 8, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a blast. Affirmed.

[1]Reported in 137 Pac. 1035.

*John P. Hartman* and *Arthur E. Nafe,* for appellant.
*Willett & Oleson,* for respondents.

Ellis, J.—This is an action for damages for personal in-
juries, claimed to have been sustained by the plaintiff wife
by the setting off of a blast by the defendant. The com-
plaint, in substance, alleged that the defendant owns and
operates a brick yard, in the city of Seattle, directly across
the street from the home of the plaintiffs; that, about
March 1, 1910, while the plaintiff wife was in the back
yard of her home, the defendant, without warning, caused
to be discharged an explosive in or near their brick yard;
that the explosion was accompanied by a terrific concussion,
and caused a large quantity of dirt, dust, and brick dust to
be thrown in every direction; that the plaintiff wife was
stunned and shocked by the explosion, and that a consid-
erable quantity of dust and brick dust was thrown against
her person and into her face and eyes; that her eyes thereby
became sore and ulcerated, and she was rendered practically
blind for some time, suffering great pain; that prior to that
time, her eyes had been sound and in good condition; that
she was forced to secure the services of a physician, and in-
curred expense to the extent of $50; that she was rendered
unable to perform her regular duties, and still has much
trouble with her eyes because of the injury.

The answer denied the material allegations of the com-
plaint, and, by way of affirmative defense, alleged that,
prior to the time of the accident, the plaintiff wife was suf-
fering from some disease of the eyes which caused their
present condition, and that this condition was in no way
caused by any act of the defendant. The affirmative matter
in the answer was traversed by the reply. The jury returned
a verdict for the plaintiffs in the sum of $500. The de-
fendant moved for judgment notwithstanding the verdict,
and in the alternative, for a new trial. Both of these motions

were overruled, and judgment was entered upon the verdict. The defendant appeals.

The appellant advances three grounds as entitling her to a reversal: (1) that the complaint charged no negligence; (2) that the evidence was insufficient to sustain the verdict; (3) that the court erred in giving certain instructions.

I. Though the complaint does not characterize the acts of the appellant as negligence, it does set out facts which, if sustained, would constitute negligence. It alleges the setting off of the blast without notice or warning in the midst of a populous city, directly across the street from the respondents' residence, causing a terrific concussion and throwing dust or brick dust into the respondent's eyes, whereby they were injured. These things, if sustained by the proof, *prima facie* established negligence. They were sufficient to put the appellant to her defense of due care.

"We hold, therefore, that in this case, as the blasting is not claimed to have been unlawful, the liability of the appellants depended upon whether they were negligent or not, to prove which under the circumstances the fact of the injury was sufficient *prima facie* evidence; but that they should have been permitted to show due care on their part, and that the question of their negligence was for the jury." *Klepsch v. Donald,* 4 Wash. 436, 30 Pac. 991, 31 Am. St. 936.

See, also, *Beall v. Seattle,* 28 Wash. 593, 69 Pac. 12, 92 Am. St. 892, 61 L. R. A. 583; *Klein v. Phelps Lumber Co.,* 75 Wash. 500, 135 Pac. 226; *Judson v. Giant Powder Co.,* 107 Cal. 549, 40 Pac. 1020, 48 Am. St. 146, 29 L. R. A. 718; *Hay v. Cohoes Co.,* 2 N. Y. (2 Comst.) 159, 51 Am. Dec. 279; *Colton v. Onerdonk,* 69 Cal. 155, 10 Pac. 395, 58 Am. Rep. 556; *Munro v. Pacific Coast Dredging & Reclamation Co.,* 84 Cal. 515, 24 Pac. 303, 18 Am. St. 248. It was only necessary to plead such facts as it was necessary to prove, and which, if established, would make a *prima facie* case. Such facts were pleaded. The complaint was sufficient.

II. There was ample evidence to sustain the verdict. A review of it in detail would merely lengthen this opinion to no

profit. The principal contention is that there was a variance between allegation and proof in that the evidence showed that the plaintiff's eyes were injured, if at all, by some other substance than brick dust. There was ample evidence to go to the jury tending to show that some foreign substance was, by the blast, thrown into the plaintiff's eyes. That it did not affirmatively appear that it was brick dust hardly arises to the dignity of a variance, much less a fatal variance between pleading and proof. We have carefully examined the voluminous record, consisting of nearly three hundred pages, and find a sharp conflict on nearly every question of fact. The trial court denied the motion for new trial. In such a case, it is elementary that the verdict of the jury will not be set aside on appeal for insufficiency of evidence.

III. In his charge to the jury, the trial court, after reciting the allegations of the affirmative defense contained in the answer, said: "This affirmative defense adds nothing to the pleadings in the case." The appellant contends that this language was calculated to lead the jury to believe that evidence tending to establish a prior diseased condition of the eyes should have no weight or consideration. If this were all of the instruction, there would be some merit in the claim. The court, however, almost immediately thereafter, and as a part of the same instruction, charged the jury as follows:

"Any soreness or trouble of Mrs. Britz's eyes prior to that time would not in itself be any defense. That would simply go to the amount of the recovery. Defendants would not have any right to injure or damage Mrs. Britz's eyes because of the fact that they were sore or diseased, if you find that they were sore and diseased. On the other hand, the defendants would not be responsible for such soreness or disease not caused by the acts of the defendants as set forth in the complaint. For any aggravation, however, of such trouble or any injury in addition to any prior trouble, if any, the defendants would be liable, if liable at all. You will, therefore not consider this affirmative defense pleaded in the answer as a separate affirmative defense, but could only take into consideration

the matters pleaded therein in determining the amount of your verdict if you should find in favor of the plaintiffs."

The instruction, taken as a whole, clearly stated the law as repeatedly declared by this court. *Frick v. Washington Water Power Co.*, 76 Wash. 12, 135 Pac. 470; *Zolawenski v. Aberdeen*, 72 Wash. 95, 129 Pac. 1090; *Jordan v. Seattle*, 30 Wash. 298, 70 Pac. 743.

The court further instructed the jury to the effect that proof that the explosion occurred without warning and was caused by the defendant to the plaintiff's injury, made a *prima facie* case against the defendant, casting upon her the burden of showing that she exercised due care. The appellant contends that this instruction was erroneous, in that it cast upon her the burden of showing that she used due care and gave warning. Under the circumstances of this case, we find no error in this instruction. What we have said in discussing the pleadings and authorities there cited make a further discussion of this question unnecessary. In *Munro v. Pacific Coast Dredging & Reclamation Co.*, supra, the supreme court of California, in passing upon an instruction couched in almost the same terms as that here under consideration, used the following language:

"We perceive no error in the above direction. . The evidence shows clearly that this blast was exploded in a thickly settled portion of the city. We are of opinion that no degree of care will excuse a person, where death was caused by such explosion, from responsibility for it."

The record presents no error warranting a reversal. The judgment is affirmed.

CROW, C. J., MAIN, CHADWICK, and GOSE, JJ., concur.