[No. 20464. Department Two. August 5, 1927.]

HELEN FRYE, *Respondent,* v. LINAS JENSEN, *Appellant.*[1]

[1] TRIAL (43)—CONDUCT OF COUNSEL—SHOWING INDEMNITY INSURANCE. In a personal injury case, it does not appear that plaintiff's counsel sought to inform the jury that the defendant was indemnified by accident insurance, where cross-examination of defendant's attorney, and of a physician appointed by the court to make a physical examination of the plaintiff, went no further than to develop the fact that the physician was to be paid by the defendant's attorney, and that his appointment was suggested by the court and not "by anybody else."

[2] DAMAGES (125-1)—PHYSICAL SUFFERING—AGGRAVATION OF PREVIOUS INJURY—INSTRUCTIONS. Error cannot be assigned upon an exception to instruction allowing recovery of damages for pain and suffering which plaintiff "may hereafter endure" where no request was made for a more specific instruction as to suffering "reasonably certain" in the future.

[3] SAME (47)—FUTURE PAIN AND SUFFERING—RECOVERY. Error cannot be assigned in allowing recovery for the consequence of a negligent injury although aggravated by imperfect bodily conditions, where there was some evidence of prior impairment of health that might have been aggravated by the injuries.

Appeal from a judgment of the superior court for King county, Stern, J., entered July 6, 1926, upon the verdict of a jury rendered in favor of the plaintiff,

[1]Reported in 258 Pac. 497.

in an action for personal injuries sustained in a collision between automobiles. Affirmed.

*Ralph S. Pierce,* for appellant.

*Stanley J. Padden, George F. Hannan,* and *George F. Ward,* for respondents.

PARKER, J.—The plaintiff, Mrs. Frye, seeks recovery of damages for personal injuries suffered by her as the alleged result of the negligence of the defendant Jensen, in the driving of his automobile at the intersection of Olive Way and Terry avenue, in Seattle. A trial in the superior court for King county, sitting with a jury, resulted in verdict and judgment awarding to Mrs. Frye recovery in the sum of three thousand dollars, from which Jensen has appealed to this court.

[1] It is contended in behalf of Jensen that the trial court erred in permitting counsel for Mrs. Frye, without excuse, to place before the jury the inference of fact, that whatever recovery might be had in the case against Jensen would be satisfied by an insurance company. Upon the request of counsel for Jensen, a physician was appointed by the court to examine Mrs. Frye as to her injuries resulting from the automobile collision in question. Apparently, Mrs. Frye would not otherwise submit to such an examination for the benefit of Jensen. The examination being accordingly made by the appointed physician, he, upon the trial, testified in chief for Jensen, when, upon his cross-examination by counsel for Mrs. Frye, the following occurred:

"Q. At whose request did you make this examination. A. I had sent to me a court order. I presume it was asked for at the request of Mr. Hass. Q. You gave Mr. Hass a report of it, did you not? A. Yes, sir. . . . Q. You are in this situation, you are only the representative of the court, in as much as the

court gave the right to the defendant to have a doctor appointed? A. I presume that is the way. Q. And you are representing the defendant and giving your testimony as you always do at the request of the party who called you? A. I was asked to come here this morning by Mr. Hass's office to testify. Q. Arrangements were made before the court made the order permitting this examination—arrangements were made by Mr. Hass that you should examine her, were they not? A. I do not remember. Q. But, in other words, your employer in this matter is Mr. Hass and your compensation comes through Mr. Hass. A. Yes, I shall send the bill to him."

Thereafter Mr. Hass, one of Jensen's attorneys, was asked and answered upon his direct examination by counsel for Jensen, as follows:

"Q. Mr. Hass, state whether or not the appointment of Dr. Nicholson as the examining physician in this case was made at your suggestion, or the suggestion of anybody. A. I did not suggest Dr. Nicholson. We applied to the presiding judge, after notice to Mr. Padden, asking him to appoint a disinterested doctor to make the examination, and Judge Jones suggested Dr. Nicholson, and I had never seen or talked with Dr. Nicholson before that time."

Mr. Hass was asked, and answered, upon his cross-examination by counsel for Mrs. Frye, as follows:

"Q. Did you agree to pay Dr. Nicholson's fees? A. I assume I will pay them, yes, sir. Q. Have they been paid? A. I do not believe so. Q. Whom do you represent in this case? A. I represent the defendant. Q. Do you represent anybody else. A. No."

Nothing else appears in the record suggesting, in any substantial measure, the liability of an insurance company for the injuries suffered by Mrs. Frye; that is, suggesting that Jensen was indemnified by insurance as against damage he might be liable for as the result of injuries so occurring. Some further cross-examination of Hass by counsel for Mrs. Frye may

seem to be, in some measure, an effort upon the part of counsel for Jensen to bring to the minds of the jurors an inference that an insurance company would indemnify Jensen; but, if there be some slight misconduct on the part of counsel in that behalf, it completely failed of its purpose. None of the cross-examination of Hass, as we view it, tended in any substantial degree to overcome his statement that he did not "represent anybody else," meaning other than Jensen. We conclude that there was no prejudicial error growing out of these occurrences.

[2] It is contended, in behalf of Jensen, that the trial court erred to his prejudice in giving to the jury, touching the measure of damages, an instruction that Mrs. Frye might be awarded recovery "for her pain and suffering which she has endured, or which she may hereafter endure, as the result of such collision." It is argued that the instruction is erroneous, in that it contains the words "may hereafter endure," when it should have contained the words "will with reasonable certainty endure in the future," or some similar expression. This instruction was excepted to by counsel for Jensen, but no more specific instruction on the subject was asked for. Hence, there was no reversible error in the instruction as given. *Meehan v. Hesselgrave,* 121 Wash. 568, 210 Pac. 2; *Johnson v. Dye,* 131 Wash. 637, 230 Pac. 625.

[3] It is contended in behalf of Jensen that the trial court erred to his prejudice in instructing the jury that,

". . . if, by reason of delicate condition of health, the consequences of a negligent injury are more serious than the consequences of a negligent injury would be to a person of robust health, the person causing the injury is liable therefor, although it be aggravated by imperfect bodily conditions."

While this quoted language may not be very happily used, it states, in substance, the law as recognized by this court in *Jordan v. Seattle,* 30 Wash. 298, 70 Pac. 743; *Short v. Spokane,* 41 Wash. 257, 83 Pac. 183; *Zolawenski v. Aberdeen,* 72 Wash. 95, 129 Pac. 1090, and *Frick v. Washington Water Power Co.,* 76 Wash. 12, 135 Pac. 470. The particular contention seems to be that the instruction was prejudicially erroneous, because there was no evidence tending to show any prior impairment of Mrs. Frye's health which could possibly have been aggravated by the injuries here in question. It must be conceded that there is but little evidence tending to so show, but we are convinced that the record is not so wholly devoid of such evidence as to warrant us holding that this instruction was so wholly inapplicable as to render it prejudicially erroneous.

Some other claims of error are made, involving questions of abuse of discretion on the part of the trial court. We think it sufficient to say that we regard them without substantial merit.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.