[No. 11296.  Department One.  September 24, 1913.]

WILLIAM KLEIN, *Respondent*, v. PHELPS LUMBER COMPANY, *Appellant*.[1]

APPEAL—REVIEW—PLEADINGS—AMENDMENTS TO CONFORM TO PROOF. A complaint for personal injuries caused by blasting, on the theory that defendant was guilty of a trespass in using explosives without authority, may be deemed amended to conform to proof, admitted without objection, that the injuries were sustained through the negligence of the defendant in setting off the blast without warning the plaintiff.

EXPLOSIVES—BLASTING—NEGLIGENCE—EVIDENCE—SUFFICIENCY. The evidence is sufficient to sustain a verdict for personal injuries caused by blasting, where it appears that plaintiff was notified about six o'clock in the evening that a blast had missed fire; and that he could proceed to his home 200 to 400 feet distant, which he did, he was given no notice that another blast would be discharged, and the blast causing the injury was discharged about forty minutes later without giving him notice.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,000 for personal injuries sustained by a man 52 years of age, is not excessive, where his foot was run over by a wagon, he was knocked senseless, and a depression made on his skull, and he was rendered nervous and weak and unable to get around without difficulty.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 27, 1912, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries caused by blasting.  Affirmed.

*Danson, Williams & Danson* and *Hamblen & Gilbert*, for appellant.

*Robertson & Miller* and *Thomas Corkery*, for respondent.

MOUNT, J.—The plaintiff in the lower court recovered a judgment for $2,000 for personal injuries.  The defendant has appealed.  The facts are, in substance, as follows:  In the year 1911, the plaintiff was the keeper and caretaker of a pre-

[1]Reported in 135 Pac. 226.

serve consisting of about 1,200 acres, for the Calispel Duck
Club. This preserve included a marshy lake, across the outlet
of which was constructed a dam. This dam was made of earth
and gravel and some logs. The Calispel Duck Club main-
tained a stable at a distance of about 200 feet from this dam,
and about 200 feet further away they maintained a house
which was occupied by the plaintiff and his wife. In the
spring of 1911, the defendant obtained permission from the
Calispel Duck Club to remove a portion of the dam, under
a promise to replace the same in the fall of that year; and
in the meantime to float logs through the lake over the prem-
ises of the club during the high water in the spring of that
year. On April 14, 1911, the plaintiff drove his team to the
town of Usk, a few miles distant, and obtained a load of pro-
visions for himself and the club. Upon his return, about six
o'clock in the evening of that day, as he approached near
the dam, he was stopped by one of the appellant's crew en-
gaged in blasting the dam, and was told that a blast was
about to be discharged. He waited for some fifteen or twenty
minutes, and was then told that the blast had missed fire, and
that he might proceed to the house. This was his first notice
that any blasting was to be done upon the premises. He
then proceeded to his house, unloaded a part of his provi-
sions, ate his lunch, and then drove his team down the hill
to the barn. This was some thirty or forty minutes after
he had been notified that the blast had failed to explode and
that he might proceed. While he was at the barn in the act
of unloading a sack of grain from his wagon, the blast was
set off, and he testified that the air was filled with gravel and
debris which fell upon him and his horses and caused his
team to run away. When the team started, the wagon
struck him and knocked him against the barn and severely
injured him. There is some evidence to the effect that, at
the time the blast was about to be discharged, one of the
men in charge thereof shouted "fire," two or three times. The
plaintiff, however, testified that he heard no warning sound;

that it was late in the evening, almost dark, and that he did not suppose any further work would be done upon the blasting that evening. At the close of the plaintiff's evidence, the defendant moved for a nonsuit, which motion was denied.

Several errors are assigned on this appeal, but these are argued upon two questions: (1) that there was no liability on the part of the appellant for blasting in the manner and under the circumstances disclosed by the record; and (2) that the verdict is excessive.

The complaint is based upon an allegation of trespass by the appellant. It is argued by the appellant that the evidence fails to show a trespass because the owner of the premises, the Calispel Duck Club, had given permission to the appellant to destroy a part of the dam. While it is true that permission was given, nothing was said in the permission, which was in writing, about the manner in which the dam was to be removed. There is no intimation in this permission that dynamite or explosives should be used in the removal of the dam. It is apparently conceded by the respondent that, if the appellant was not a trespasser upon the premises in the use of dynamite, that it was necessary for the respondent to show negligence before a recovery could be had. Assuming, therefore, that the appellant was authorized to enter upon the premises and use dynamite or other explosives in the destruction of the dam, it was clearly the duty of the appellant to exercise care in the use thereof. While the complaint in this action was drawn upon the theory that the appellant was a trespasser in the use of the dynamite, evidence was introduced, without objection, as to the manner in which the dynamite was used, and there was sufficient evidence to show that the respondent had no notice that the blast was about to be discharged at the time of the injury. It is true that he was notified that a blast was about to be discharged at a time previous to the injury. He was also notified that the blast had missed fire, and he was not cautioned that the blast would thereafter be set off without notice to him. It

was then about six o'clock in the evening.  It was almost dark, as he testifies, and he did not suppose that any further work would be done that evening, and he was not notified to the contrary.   The agents of the appellant knew that he was upon the premises with his team, and it was clearly their duty to notify him in some way that the blast would be discharged at about the time it was discharged.   Failing to do this, we think there was sufficient evidence of negligence to go to the jury; because the complaint, even if it was not based upon the theory of negligence, would be construed to be amended to conform to the proof offered without objection. The general rule is that it is incumbent upon those engaged in blasting to give timely notice of each blast to persons who are liable to be injured thereby.   19 Cyc. 10.

In *Beall v. Seattle*, 28 Wash. 593, 69 Pac. 12, 92 Am. St. 892, 61 L. R. A. 583, beginning at the bottom of page 603 of 28 Wash., we said:

"An explosion being a thing so unforseen and unexpected in its nature, it is held that negligence will be presumed, if unexplained.   There is some conflict in authority upon this subject, but we believe the better reasoning and the weight of authority support the above statement of the law.   Some distinction has been made between cases where contractual relations exist between the parties, and those where there is no such relation; it being held that, when such relation exists, proof of the explosion carries with it the presumption of negligence, and makes a *prima facie* case, when such would not be true if the contractual relation did not exist.   We think the better reasoning is with those cases which hold that the presumption arises not only in favor of those sustaining contractual ties, but in favor of all others as well.   The duty to exercise reasonable care in the maintenance and operation of instrumentalities and devices liable to explosion runs to all mankind."

So in this case, it was the duty of the appellant to give timely warning to the respondent that a blast was about to be discharged, or would be discharged within a certain time. The respondent knew that a blast had been prepared, but

was informed that it had missed fire and that he might proceed on his way to the house. It was then late in the evening, after six o'clock, and the respondent might suppose that the men engaged in the work had ceased for that day. He was not notified to the contrary, and he had a right, we think, to assume that no further work would be done without warning to him. He was within from 200 to 400 feet of the place where the blast was to be discharged. He did not know of the fact that the blast was about to be discharged. The question of negligence was properly submitted to the jury under such circumstances. The court, therefore, did not err in submitting the case to the jury.

It is next argued by the appellant that the verdict is excessive. The evidence shows that the respondent was knocked senseless. He suffered an injury to his head, and also to his foot which was run over by the wagon. The result of these injuries was to render him nervous and weak and cause him to move about with difficulty. He was a man 52 years of age. One of the physicians who gave the respondent a physical examination testified that he found a depression on the skull of the respondent; and that he may never recover from his injuries. We are unable to say, under those circumstances, that the verdict of $2,000 is excessive.

The judgment is therefore affirmed.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.